OPINION
{¶ 1} Plaintiff-appellant, American Express Travel Related Services, Inc., appeals from a judgment of the Franklin County Municipal Court, which granted a motion for relief from judgment pursuant to Civ.R. 60(B), and thereby vacated a summary judgment entered against Anna Carleton, defendant-appellee.
{¶ 2} On August 7, 2001, appellant filed a complaint against appellee alleging monies owed on a charge account in the amount of $10,023.56, plus interest. In the alternative, appellant alleged a cause of action for breach of contract. On September 6, 2001, appellee, acting pro se, filed an answer denying liability.
{¶ 3} According to the affidavit of appellant's attorney, W. Richard Yost, on September 17, 2001, affiant, on behalf of appellant, sent to appellee, via postage prepaid first class mail, a request for production of documents, request for admissions, and interrogatories. These documents were sent to 177 Cypress Avenue, Columbus, Ohio 43222. "Apparently," appellee received these documents. See trial court's November 20, 2002 entry. On November 20, 2001, appellant filed a motion for summary judgment, claiming that no genuine issue as to any material fact existed and appellant was entitled to judgment as a matter of law. The trial court granted appellant's motion for summary judgment, stating in its December 13, 2001 judgment entry:
In the instant case, the Plaintiff has provided the Court with an account summary and an affidavit from the records custodian indicating that the Defendant established an account with the Plaintiff which she has failed to pay. Furthermore, Defendant's failure to timely respond to Plaintiff's requests for admissions requires the Court to adopt these admissions as true and correct. * * *
In construing the facts in a light most favorable to the nonmoving party, pursuant to Civ.R. 56(C), this court finds that there is not a dispute as to a genuine issue of material fact.
{¶ 4} Subsequent to the filing of the judgment entry, appellant, as judgment creditor, attempted to collect on the judgment through wage garnishment. Despite an order of garnishment of personal earnings, which was personally served upon the garnishee on January 18, 2002, appellant was unable to collect.
{¶ 5} On July 22, 2002, appellee, represented by legal counsel, filed a motion to set aside the summary judgment pursuant to Civ.R. 60(B). In an affidavit filed with the motion to set aside the judgment, appellee stated that she did not receive the motion for summary judgment. On November 20, 2002, the trial court granted appellee's motion to set aside the summary judgment. Appellant appeals this decision and assigns the following errors:
 Assignment of Error Number One
The trial court erred as a matter of law and abused its discretion by vacating the summary judgment pursuant to CIV.R. 60(B) because appellee failed to demonstrate she is entitled to relief pursuant to CIV.R. 60(B)(1) or (5).
 Assignment of Error Number Two
The trial court erred as a matter of law and abused its discretion by vacating the summary judgment pursuant to CIV.R. 60(B) because appellee failed to demonstrate the motion for relief from judgment was made within a reasonable time.
 Assignment of Error Number Three
The trial court erred as a matter of law and abused its discretion by vacating the summary judgment pursuant to 60(B) because appellee failed to demonstrate appellee has a meritorious defense to present.
 Assignment of Error Number Four
The trial court erred as a matter of law and abused its discretion by vacating the summary judgment because all of the facts sufficient to award judgment on the issues of liability and damages were conclusively established pursuant to CIV.R. 36(B).
{¶ 6} In order to prevail on a Civ.R. 60(B) motion, the moving party must demonstrate that: (1) the party has a meritorious defense or claim if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken. GTE Automatic Electric v. ARC Industries (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. Because each requirement is independent of the others, the moving party must separately establish all three prongs of the "GTE test" or the party cannot prevail on a Civ.R. 60(B) motion. The Ohio Supreme Court, in GTE, stated, "where timely relief is sought from a default judgment and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the judgment so that cases may be decided on their merits." Id. at 151.
{¶ 7} "The decision to grant a Civ.R. 60(B) motion for relief from judgment rests in the sound discretion of the trial court and may be upset on appeal only upon a showing of an abuse of discretion." Oberkonz v. Gosha, Franklin App. No. 02AP-237, 2002-Ohio-5572, at ¶ 12, citing Kaufman Cumberland v. Jalisi, Cuyahoga App. No. 80389, 2002-Ohio-4087; Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. An abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable. Id. Furthermore, absent an abuse of discretion, an appellate court may not substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621.
{¶ 8} Because appellant's third assignment of error addresses the first prong of GTE, we will discuss it first. By its third assignment of error, appellant argues that appellee failed to demonstrate that she has a meritorious defense. Specifically, appellant argues that appellee has not set forth facts establishing a meritorious defense and that appellee is precluded from asserting any affirmative defenses because such defenses had been waived by appellee.
{¶ 9} In order to satisfy the first prong of GTE, a "movant need only allege a meritorious defense, not prove that he will prevail on that defense." Masters Tuxedo Charleston, Inc. v. Krainock, Mahoning App. No. 02 CA 80, 2002-Ohio-5235, at ¶ 8. This requires the movant party to allege operative facts "with enough specificity to allow the trial court to decide whether he or she has met that test." Syphard v. Vrable (2001), 141 Ohio App.3d 460, 463. Ultimately, "a proffered defense is meritorious if it is not a sham and when, if true, it states a defense in part, or in whole, to the claims for relief set forth in the complaint." Amzee Corp. v. Comerica Bank-Midwest, Franklin App. No. 01AP-465, 2002-Ohio-3084, at ¶ 20.
{¶ 10} An affirmative defense is waived unless it is presented by motion before pleading pursuant to Civ.R. 12(B), affirmatively in a responsive pleading under Civ.R. 8(C), or by amendment under Civ.R. 15. Jim's Steakhouse, Inc. v. Cleveland (1998), 81 Ohio St.3d 18, 20. Thus, under the Ohio Rules of Civil Procedure, if an affirmative defense is not raised in the answer, it is not necessarily waived ad infinitum. Under Civ.R. 15, leave of court to amend a pleading "shall be freely given when justice so requires." The trial court has the discretion to determine whether to permit a party to amend a pleading. Hoover v. Sumlin (1984),12 Ohio St.3d 1, 6. Furthermore, "the language of Civ.R. 15(A) favors a liberal amendment policy and a motion for leave to amend should be granted absent a finding of bad faith, undue delay or undue prejudice to the opposing party." Id. Considering these civil rules, we decline to hold that appellee is precluded from alleging an affirmative defense in her Civ.R. 60(B) motion on the basis that she did not affirmatively raise the defense in her answer.
{¶ 11} Appellee asserts that appellant's protection plan provides her with protection on her charge account when defective goods are purchased. Appellee's defense arises from her husband's purchase of a restored antique wine bar that does not hold ordinary wine bottles. See July 3, 2002 Carleton affidavit. Appellee contends that this purchase was protected under appellant's protection plan because the wine bar was defective. Documentation was filed with the trial court that describes the protection appellant provides to "Platinum Card" members. See appellee's Exhibit C attached to appellee's July 22, 2002 motion. While the extent of protection is unclear from the record, it was not "unreasonable, arbitrary, or unconscionable" for the trial court to find that a meritorious defense had been established. Indeed, "the movant's burden is to allege a meritorious defense, not to prevail with respect to the truth of the meritorious defense." Colley v. Bazell (1980),64 Ohio St.2d 243, 247, fn. 3. Thus, the trial court did not abuse its discretion when it determined that appellee had established a meritorious defense pursuant to Civ.R. 60(B). Consequently, appellant's third assignment of error is overruled.
{¶ 12} By its first assignment of error, appellant argues that appellee failed to demonstrate that she was entitled to relief under the grounds stated in Civ.R. 60(B)(1) or (5). The second prong of GTE requires the movant to demonstrate that she was entitled to relief under at least one of the five grounds stated in Civ.R. 60(B)(1) through (5). Civ.R. 60(B) states, in pertinent part, as follows: "On motion and upon such terms as are just, the court may relieve a party * * * from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; * * * or (5) any other reason justifying relief from the judgment." (Emphasis added.)
{¶ 13} In appellee's brief before this court, and in her brief supporting her motion to set aside the summary judgment, appellee argues that she was entitled to relief under Civ.R. 60(B) because she met the requirements under Civ.R. 60(B)(1) and (5). The trial court determined that appellee established excusable neglect, but did not discuss in its judgment entry appellee's argument with respect to Civ.R. 60(B)(5). Because Civ.R. 60(B)(5) is a "catchall provision," to be used only when a more specific ground for relief is unavailable, our analysis is limited to Civ.R. 60(B)(1). See Browning v. Oakwood Mgmt. Co., Franklin App. No. 02AP-1136, 2003-Ohio-2142, at ¶ 13.
{¶ 14} We find that the trial court did not abuse its discretion when it determined that appellee established excusable neglect. Excusable neglect has been defined by the Ohio Supreme Court as follows:
* * * The term "excusable neglect" is an elusive concept which has been difficult to define and to apply. Nevertheless, we have previously defined "excusable neglect" in the negative and have stated that the inaction of a defendant is not "excusable neglect" if it can be labeled as a "complete disregard for the judicial system." * * *
(Citations omitted.) Kay v. Marc Glassman, Inc. (1996), 76 Ohio St.3d 18,20.
{¶ 15} In this case, appellee sent a letter to the trial court stating that she had not received appellant's motion for summary judgment. The trial court received this letter the same day it granted summary judgment for appellant on December 13, 2001. According to appellee's affidavit, as of July 3, 2002, she had not received the motion for summary judgment. The trial court reasoned that appellee had established excusable neglect because she had presented credible evidence that she did not receive the motion for summary judgment. The trial court did not abuse its discretion when it relied on this information and determined that appellee established excusable neglect. Thus, appellant's first assignment of error is overruled.
{¶ 16} Appellant's second assignment of error asserts that appellee failed to demonstrate that her motion for relief from judgment was filed within a reasonable time, as required by Civ.R. 60(B) and GTE. Under Civ.R. 60(B), and the third prong of GTE, a motion for relief from judgment must be "made within a reasonable time," and not more than one year after judgment if the grounds for relief is Civ.R. 60(B)(1), (2), or (3).
{¶ 17} Here, appellee's motion for relief from judgment was filed just over seven months after summary judgment was entered and, therefore, complied with the requirement that the motion to side aside judgment shall be made "not more than one year after the judgment[.]" Civ.R. 60(B). Although the motion was filed within one year of judgment, the trial court was nonetheless required to determine whether appellee's motion was "made within a reasonable time." See id. The trial court, in its November 20, 2002 entry, stated that appellee's motion to set aside summary judgment was timely filed. By implication, the trial court also found that appellee's motion was made within a reasonable time after the summary judgment entry. The trial court had discretion when it made this finding. See McSweeney v. McSweeney (1996), 112 Ohio App.3d 355, 358
(finding that it was within the trial court's discretion to determine that an 11-month delay was reasonable). Cf. Lewis v. Connors, Franklin App. No. 02AP-607, 2003-Ohio-632, at ¶ 20 ("[a]lthough a nine-month time interval between a judgment and a motion for relief from the judgment may result in a determination that the motion was filed within a reasonable time, under the particular facts and circumstances of this case, we cannot say that the trial court's judgment overruling appellant's motion was unreasonable, arbitrary or unconscionable"). Based upon our review of the record, and the factual circumstances of this case, we cannot say that the trial court abused its discretion when it found the motion timely. Accordingly, appellant's second assignment of error is overruled.
{¶ 18} By its fourth assignment of error, appellant argues that the trial court erred as a matter of law and abused its discretion when it vacated the summary judgment because "all of the facts sufficient to award judgment on the issues of liability and damages were conclusively established pursuant to Civ.R. 36(B)."
{¶ 19} Appellant's appeal arises from the granting of appellee's Civ.R. 60(B) motion to set aside the summary judgment. A trial court's decision to set aside a judgment, pursuant to Civ.R. 60(B), is not a decision on the merits. Civ.R. 60(B) provides a procedural mechanism for relief from judgment if certain criteria are established. As discussed above vis-a-vis appellant's first three assignments of error, we have found that the trial court did not abuse its discretion when it found the requisite criteria and granted appellee's motion to set aside judgment. Accordingly, appellant's fourth assignment of error is overruled.
{¶ 20} Based on the foregoing, all four of appellant's assignments of error are overruled, and the judgment of the Franklin County Municipal Court is hereby affirmed.
Judgment affirmed.
Brown and Watson, JJ., concur.