OPINION
{¶ 1} Defendant-appellant, Kent E. Poling, appeals from a judgment entry of the Franklin County Municipal Court denying his motion for relief from judgment. For the following reasons, we affirm.
 {¶ 2} The record discloses that on January 16, 2004, appellee, National City Bank, filed a complaint against appellant for damages resulting from appellant's alleged failure to pay on a credit card account for which appellee was the creditor and issuer of the credit card. According to appellant's motion to vacate the default judgment, appellant received service of summons and the complaint on or about January 19, 2004. On March 29, 2004, appellant having failed to file an answer or otherwise appear, the trial court entered judgment by default in favor of appellee. On March 31, 2004, appellant filed a motion for relief from judgment. He argued that his answer date had been tolled by virtue of his having sent to appellee, on February 11, 2004, a request for verification of the debt in question, pursuant to Section 1692g, Title 15, U.S.Code. On June 17, 2004, the trial court held an oral hearing on the motion, following which the court denied appellant's motion.
 {¶ 3} Appellant advances one assignment of error for our review, as follows:
The Trial Court erred when it failed to vacate the default judgment against Defendant who, at least had excusable neglect in his failure to file an answer, and where the better course in law is to decide a case on the merits.
 {¶ 4} Appellant's assignment of error presents the question whether appellant's alleged communication to appellee, pursuant to Section 1692g, Title 15, U.S. Code, tolled the 28-day time period within which appellant was otherwise required to answer the complaint, pursuant to Civ.R. 12(A)(1). We answer this question in the negative.
 {¶ 5} Section 1692g, Title 15, U.S. Code provides, in pertinent part:
(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing —
(1) the amount of the debt;
(2) the name of the creditor to whom the debt is owed;
(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.
 {¶ 6} By the plain language of this statute, the same pertains only to "debt collectors." However, Section 1692a(6)(F)(ii), Title 15, U.S. Code specifically excludes from the definition of "debt collector," as used in Section 1692g, "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity * * * concerns a debt which was originated by such person * * *." It is undisputed that appellee is attempting to collect a debt owed to it which was originated by appellee. Thus, appellee is not a "debt collector" for purposes of Section 1692g, Title 15, U.S.Code. Therefore, this section does not apply to toll appellant's obligation to answer the complaint.
 {¶ 7} The trial court's decision to deny appellant's motion for relief from judgment will not be reversed absent an abuse of discretion. Stullerv. Price, 10th Dist. No. 02AP-29, 2003-Ohio-583, ¶ 37. An abuse of discretion connotes more than an error of law or judgment, but instead implies that the court's attitude is unreasonable, arbitrary or unconscionable. Wilmington Steel Products, Inc. v. Cleve. Elec. Illum.Co. (1991), 60 Ohio St.3d 120, 122, 573 N.E.2d 622; In re Jane Doe 1
(1991), 57 Ohio St.3d 135, 137, 566 N.E.2d 1181. "The result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but passion or bias." Keaton v. Purchase Plus Buyers Group, Inc. (2001),145 Ohio App.3d 796, 805, 764 N.E.2d 1043, citing Nakoff v. FairviewGen. Hosp. (1996), 75 Ohio St.3d 254, 256, 662 N.E.2d 1.
 {¶ 8} Civ.R. 60(B) provides, in pertinent part, "[o]n motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; * * *." To prevail on a motion for relief from judgment, the movant must demonstrate the existence of a meritorious defense or claim to present should relief be granted; entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and, that the motion is made within a reasonable time and, in the case of Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment was entered. GTEAutomatic Elec. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, 150,351 N.E.2d 113.
 {¶ 9} The three requirements of GTE are "independent and in the conjunctive not the disjunctive." Caruso-Ciresi, Inc. v. Lohman (1983),5 Ohio St.3d 64, 66, 448 N.E.2d 1365. Appellant, without question, satisfied the third requirement, which necessitates a showing that the motion was made in a timely manner. Appellant's motion was made merely two days after the entry of judgment by default. Therefore, we must address whether appellant satisfied the first and second requirements under GTE.
 {¶ 10} We begin with the first requirement, which obligates appellant to demonstrate that he has a meritorious defense to assert should relief be granted. Although a movant is not required to support the motion with evidentiary materials, the movant must do more than make bare allegations that he or she is entitled to relief. Kay v. Marc Glassman, Inc. (1996),76 Ohio St.3d 18, 20, 665 N.E.2d 1102, citing Rose Chevrolet, Inc. v.Adams (1988), 36 Ohio St.3d 17, 20, 520 N.E.2d 564. The movant must allege operative facts "with enough specificity to allow the trial court to decide whether he or she has met that test." American Express TravelRelated Servs. v. Carleton, 10th Dist. No. 02AP-1400, 2003-Ohio-5950, ¶ 9. In our view, appellant wholly failed to meet this requirement. Appellant's motion for relief from judgment made no mention whatsoever of any specific facts which would constitute a meritorious defense to the complaint, other than the passing and unsworn assertion at page one of the motion that appellant had "no knowledge of any lawful indebtedness of him to National City Bank[.]" This does not rise to the degree of specificity required to demonstrate the existence of a meritorious defense, for purposes of Civ.R. 60(B).
 {¶ 11} With respect to the second requirement under GTE, appellant argues that his failure to answer the complaint was due to "excusable neglect" and that, therefore, he is entitled to relief pursuant to Civ.R. 60(B)(1). He claims that his neglect to answer is excusable because he was not required to answer until appellee provided the debt verification required to be provided by "debt collectors" pursuant to Section 1692g, Title 15, U.S.Code. As we have determined, infra, that federal statute is inapplicable to appellee and thus did not toll or otherwise alter the time period within which appellant was required to answer the complaint.
 {¶ 12} The term "excusable neglect" has been called an "elusive concept * * * difficult to define and to apply." Kay v. Marc Glassman,Inc. (1996), 76 Ohio St.3d 18, 20, 665 N.E.2d 1102. But "the inaction of a defendant is not `excusable neglect' if it can be labeled as a `complete disregard for the judicial system.'" Ibid., citing GTE, supra, at 153.
 {¶ 13} We do not view appellant's neglect to answer the complaint as "excusable." Appellant failed to interpose an answer or even enter an appearance despite his admitted receipt of the summons and complaint. Moreover, his only avowed reason for such failure is his personal belief that he was not required to act, which belief he held due to his completely erroneous interpretation of federal law. Ignorance of the law is not a valid justification for failure to defend an action, and non-attention to a legal matter because of a failure to understand its scope is no excuse. Zuk v. Campbell (Dec. 30, 1994), 12th Dist. No. CA94-03-018, citing Hines v. Ison (June 7, 1991), 4th Dist. No. 1656. See, also, Continental Polymer Corp. v. DuBunne French Nail Products,Inc. (June 5, 1987), 6th Dist. No. L-87-002. Federal courts interpreting Fed.R.Civ.P. 60(B)(1), which contains language identical to that of Civ.R. 60(B)(1), have held that a defendant's ignorance of the law serves as no valid excuse. See, e.g., Ben Sager ChemicalInternational, Inc. v. E. Targosz Co. (C.A.7, 1977), 560 F.2d 805, 809
("Neither ignorance or carelessness on the part of the litigant or his attorney provide grounds for relief under rule 60(b)(1))." See, also,Bershad v. McDonough (C.A.7, 1972), 469 F. 2d 1333, 1337.
 {¶ 14} Furthermore, it appears that, notwithstanding appellant's incorrect interpretation of the Fair Debt Collection Practices Act, he was aware that he, as a defendant served with summons, had an obligation to answer the complaint and defend the lawsuit in order to prevent the entry of judgment against him. Given all of the foregoing facts and circumstances, appellant's failure to answer the complaint was unreasonable and constituted a "complete disregard for the judicial system." Thus, it does not constitute excusable neglect. Accordingly, appellant failed to meet the second prong of the GTE test for entitlement to relief from judgment.
 {¶ 15} Appellant failed to meet two of the three requirements to obtain relief from judgment. Therefore, we conclude that the trial court did not abuse its discretion in denying appellant's Civ.R. 60(B) motion for such relief. Appellant's sole assignment of error is overruled, and the judgment of the Franklin County Municipal Court is affirmed.
Judgment affirmed.
Brown, P.J., and French, J., concur.