OPINION
{¶ 1} Defendant-appellant, Kent E. Poling ("defendant"), pro se, both on appeal and in the trial court, appeals from a judgment of the Franklin County Municipal Court, which after a bench trial, entered judgment in favor of plaintiff-appellee, Discover Bank ("plaintiff"). For the following reasons, we affirm.
 {¶ 2} Plaintiff initiated this action on December 9, 2003, against defendant for damages in the amount of $10,528.65 resulting from defendant's alleged failure to pay on a Discover Bank credit card account ("the credit card" or "the account") for which plaintiff was the creditor and issuer of the credit card. Defendant answered on January 23, 2004. He denied the allegations set forth in plaintiff's complaint, and asserted 16 "affirmative" defenses.
 {¶ 3} A bench trial commenced on September 23, 2004. The trial court heard testimony from Mr. Phillip Reed, an employee of Discover Financial Services. Plaintiff also offered documentary evidence to demonstrate the existence of a legally binding agreement, defendant's breach of that agreement, and plaintiff's damages. Defendant represented himself at trial, and objected to plaintiff's proffer of evidence on the basis that Mr. Reed's testimony, which served to authenticate plaintiff's exhibits, was not based on personal knowledge.
 {¶ 4} Defendant testified that he had "no recollection" of having applied for or having used the credit card. (Tr. 56.) Defendant admitted that the address where the billing statements were sent was his business address, but denied having ever received a billing statement. (Tr. 54.) He also testified that he "did not recall" having a Heartland Bank checking account. (Tr. 54-62.) Defendant stated that he "did not believe" that it was his signature, but rather, that of a "good forger," which appeared on five Heartland Bank checks sent to plaintiff for payment on the disputed account. (Tr. 54-62.) Those checks that were drawn on a checking account in defendant's name, which included the credit card account number on the memo line, and which were sent with a portion of the monthly billing statement. (Tr. 54-62.) Defendant also had "no recollection" of having been issued other credit cards, including a National City Bank credit card (Tr. 67-68), which this court notes, sua sponte, was the issue of an appeal filed by defendant in National CityBank v. Poling, Franklin App. No. 04AP-711, 2005-Ohio-585, and was pending during defendant's trial in the instant matter. In response to being asked whether he had sustained any kind of head injury or illness that might have impaired his memory, defendant stated that he did not recall. (Tr. 68-69.) Nor did he recall his mother's maiden name. (Tr. 69.)
 {¶ 5} On September 29, 2004, the trial court issued its findings of fact and conclusions of law, and entered judgment in favor of plaintiff in the amount of $10,528.55 plus interest at the rate of 24.99% from September 30, 2003. The trial court found plaintiff's documentary evidence admissible under Evid.R. 803(6), and discounted "all of Defendant's testimony as unbelievable." (Judgment Entry at 4.)
 {¶ 6} Defendant appeals, assigning the following assignments of error:
1. The trial court did not have subject matter jurisdiction to address the merits of a claim pursued by other than the real party in interest with standing to sue, therefore the judgment must be vacated.
2. The trial court erred in granting final judgment for plaintiff based on hearsay evidence.
3. The trial court erred in granting final judgment for plaintiff because the evidence is insufficient to support judgment in plaintiff['s] favor.
 {¶ 7} In his first assignment of error, defendant alleges that the trial court did not have subject-matter jurisdiction because plaintiff was not the real party in interest, and, therefore, plaintiff lacked standing in the instant matter. Defendant takes issue with the fact that Mr. Reed testified on plaintiff's behalf because he is employed by Discover Financial Services, and according to defendant, there is no evidence that plaintiff authorized Discover Financial Services' involvement. We find defendant's argument is without merit.
 {¶ 8} As an initial matter, plaintiff correctly notes that the first time defendant raised the issue of standing was on appeal. A review of defendant's 16 "affirmative" defenses discloses that none relate to standing. As such, defendant has waived that issue and is precluded from raising it on appeal. Gangale v. State, Franklin App. No. 01AP-1406, 2002-Ohio-2936, at ¶ 13 ("The failure to raise an issue at the trial level waives it on appeal."), citing State v. Williams (1977),51 Ohio St.2d 112; State v. Comen (1990), 50 Ohio St.3d 206, 211.
 {¶ 9} Even if defendant had timely raised the standing issue, it has no merit. Mr. Reed testified that he was employed by Discover Financial Services, plaintiff's servicing agent. As plaintiff's agent, Mr. Reed was its corporate representative, and therefore, competent to testify on plaintiff's behalf. (Tr. 9.) Moreover, neither plaintiff's standing nor the court's subject-matter jurisdiction is in any way affected by Mr. Reed's agency status. Based on the facts of this case, there is no legally sound theory to support defendant's argument. Accordingly, defendant's first assignment of error is overruled.
 {¶ 10} In his second assignment of error, defendant contends that hearsay testimony was improperly admitted over his objection. Specifically, defendant argues that because Mr. Reed's testimony was not based on personal knowledge, then his testimony and the documents he authenticated are inadmissible. We disagree.
 {¶ 11} The admission of a business record into evidence pursuant to Evid.R. 803(6) is a decision within the sound discretion of the trial court and will not be disturbed on appeal unless an abuse of discretion can be shown. WUPW TV-36 v. Direct Results Marketing, Inc. (1990),70 Ohio App.3d 710, 714. "The trial court abuses its discretion when it admits business records when an inadequate foundation was laid to establish their admissibility pursuant to Evid.R. 803(6)." State v.Myers (2003), 153 Ohio App.3d 547, 559-560.
 {¶ 12} To lay an adequate foundation, "`the testifying witness must possess a working knowledge of the specific record-keeping system that produced the document.'" H-3 Constr., Inc. v. Cogley Constr. (Sept. 14, 1999), Franklin App. No. 98AP-1499, quoting Hinte v. Echo, Inc. (1998),130 Ohio App.3d 678, 684, quoting State v. Davis (1991),62 Ohio St.3d 326, 342. Evid.R. 806(3) requires that the witness be either the custodian of the records or some "other qualified person." Although the rule does not require the witness whose testimony establishes the foundation to have personal knowledge of the exact circumstances of preparation and production of the document, the witness must "`demonstrate that he or she is sufficiently familiar with the operation of the business and with the circumstances of the preparation, maintenance, and retrieval of the record in order to reasonably testify on the basis of this knowledge that the record is what it purports to be, and was made in the ordinary course of business.'" H-3 Constr.,Inc., supra, quoting, Hinte, supra, quoting Keeva J. Kekst Architects,Inc. v. George Dev. Group (May 15, 1997), Cuyahoga App. No. 70835, citingWUPW TV-36, supra.
 {¶ 13} In this case, Mr. Reed testified that he has been employed by Discover Financial Services, plaintiff's servicing agent, for the past five years. (Tr. 9.) He is the team leader of the attorney placement department, which handles delinquent accounts referred for collection. (Tr. 9.) Mr. Reed testified that plaintiff's exhibit 1 was a true and accurate copy of defendant's application for a Discover Platinum Card, which was kept in the ordinary course of business. (Tr. 10, 33.) According to Mr. Reed, it is plaintiff's business practice to send the Cardmember Agreement along with the application, and he stated that plaintiff's exhibit 2 is a true and accurate copy of the agreement defendant would have received with the application. (Tr. 11, 33.) Mr. Reed testified that the 30 some odd monthly billing statements, which plaintiff offered as exhibit 3, were generated in the ordinary course of business. (Tr. 14-17, 32-40.) He also stated that monthly billing statements were mailed to defendant for over 30 months at his business address located in Gahanna, Ohio. (Tr. 14, 16-17, 32-40.) Plaintiff's exhibit 4 consists of copies of five return portions of billing statements and copies of defendant's accompanying payment, which were in the form of checks drawn on Heartland Bank account number 1805062, and had defendant's name, his business name, and corporate address printed on the checks. (Tr. 18-25.) Mr. Reed testified that the documents in exhibit 4 were kept in the ordinary course of business. (Tr. 18-25.) He also detailed how the image of the return portion of the billing statement and copies of the accompanying checks are stored and can be reduced to paper records upon request. Mr. Reed explained that once the request is received by the micrographics department, that department images the requested documents, and then forwards the same to the party making the request by regular mail or facsimile. (Tr. 36.) Mr. Reed testified that procedure was utilized in this case.
 {¶ 14} Based on the foregoing, we find Mr. Reed's testimony to be sufficient to authenticate the exhibits offered into evidence by plaintiff. Mr. Reed demonstrated sufficient familiarity with plaintiff's business operation and practices under which the foregoing were generated, prepared, imaged, maintained, and retrieved. He testified that he was familiar with defendant's account and the records relating thereto. As such, Mr. Reed's "knowledge was sufficient to base [his] testimony that the [business] records at issue were what they purported to be and were made in the ordinary course of business." Myers, supra, at 560; see, also, Nationwide Mut. Fire Ins. Co. v. Chaffin (June 11, 1996), Franklin App. No. 95AP-1636. Therefore, defendant's second assignment of error is not well taken.
 {¶ 15} Defendant argues in his third assignment of error that there was insufficient evidence to support a judgment in favor of plaintiff because plaintiff did not produce a signed contract or agreement, and therefore, plaintiff failed to prove the elements of a contract. We disagree.
 {¶ 16} The standard for reviewing the sufficiency of the evidence in a civil case is similar to the standard for determining whether to sustain a motion for judgment notwithstanding the verdict. Hartford Cas. Ins.Co. v. Easley (1993), 90 Ohio App.3d 525, 530. Employing that standard, this court must determine if defendant is entitled to judgment as a matter of law, when the evidence is construed most strongly in favor of plaintiff. Howard v. Himmelrick, Franklin App. No. 03AP-1034, 2004-Ohio-3309, at ¶ 4, citing Hartford Cas. Ins. Co., supra; Collinsv. The Ohio State University College of Dentistry (June 27, 1996), Franklin App. No. 96API02-192. "In other words, is the verdict one which could reasonably be reached from the evidence?" Collier v. Stubbins,
Franklin App. No. 03AP-553, 2004-Ohio-2819, at ¶ 17, quoting HartfordCas. Ins. Co., at 530.
 {¶ 17} "To prove a breach of contract claim, a plaintiff must show `the existence of a contract, performance by the plaintiff, breach by the defendant, and damage or loss to the plaintiff.'" Nilavar v. Osborn
(2000), 137 Ohio App.3d 469, 483, quoting Doner v. Snapp (1994),98 Ohio App.3d 597, 600. Although not raised by either party on appeal, or argued below, in Bank One, Columbus, N.A. v. Palmer (1989),63 Ohio App.3d 491, 493, we stated that "credit card agreements are contracts whereby the issuance and use of a credit card creates a legally binding agreement." See, also, State Savings Bank v. Watts (Mar. 4, 1997), Franklin App. No. 96AP-809; Bank One of Columbus v. Might (June 15, 1982), Franklin App. No. 82AP-86. Following our decision in BankOne, the Fifth District Court of Appeals in Asset Acceptance LLC v.Davis, Fairfield App. No. 2004-CA-00054, 2004-Ohio-6967, held that a creditor need not produce a signed credit card application to prove the existence of a legally binding agreement because the credit card agreement created one.
 {¶ 18} In the present case, Mr. Reed authenticated the copy of defendant's credit card application, and testified that in response thereto, plaintiff issued the credit card to defendant. (Tr. 10-11.) The monthly billing statements, in plaintiff's exhibit 3, demonstrate defendant's use of the credit card for purchases and balance transfers. And by its use, defendant became bound by the terms and conditions set forth in the Cardmember Agreement, which provides in pertinent part, "[t]he use of your Account or a Card by you or an Authorized Use, or your failure to cancel your Account within 30 days after receiving a Card, means you accept this Agreement * * *." (Plaintiff's Exhibit 2, at 2). Thus, the Cardmember Agreement is a "legally binding agreement" between the parties. Bank One, Columbus, N.A. v. Palmer, supra, at 493; AssetAcceptance LLC, supra, at ¶ 48. One condition set forth in the Cardmember Agreement is that each month, defendant "must pay at least, the Minimum Payment due." (Plaintiff's Exhibit 2, at 4.) In 2003, defendant repeatedly failed to make the minimum monthly payment due on the account, and, therefore, was in default. (Plaintiff's Exhibit 3.) By defaulting on the account, defendant breached the Cardmember Agreement. (Plaintiff's Exhibit 2, at 9.) As a result of defendant's breach, plaintiff was damaged in the amount of $10,528.65. (Tr. 18.) The evidence, construed most strongly in plaintiff's favor, was sufficient for the trial court to find that a contract existed between the parties, that defendant breached that contract, and plaintiff was damaged as a result thereof. Therefore, defendant's third assignment of error is overruled.
 {¶ 19} For the foregoing reasons, defendant's three assignments of error are overruled, and the judgment of the Franklin County Municipal Court is affirmed.
Judgment affirmed.
Klatt and French, JJ., concur.