[Cite as *Phillips v. Acacia on the Green*, 2021-Ohio-4521.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

GENE B. PHILLIPS, ET AL.,                    :

    Plaintiffs-Appellants,          :

                                       No. 110636

v.                                          :

ACACIA ON THE GREEN                          :
CONDOMINIUM ASSOCIATION,

    Defendants-Appellees.           :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 23, 2021

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-19-914812

---

### *Appearances:*

Law Office of Leonard F. Lybarger and Leonard F.
Lybarger, *for appellants.*

Reminger Co., L.P.A., and Holly Marie Wilson, *for
appellees.*

KATHLEEN ANN KEOUGH, J.:

{¶ 1} Plaintiffs-appellants, Gene B. Phillips, Stephen G. Weiss,[1] The Stephen G. Weiss Trust dated August 30, 2001, and The First Amendment and Restatement dated July 20, 2018 of the David I. Weiss Revocable Trust dated August 14, 2014 (collectively "appellants"), appeal from the trial court's judgment denying their motion for partial summary judgment and granting the motion for summary judgment of defendants-appellees Acacia on the Green Condominium Association, Inc. ("Acacia on the Green" or "Acacia"); current and former board of directors members Scott D. Cohen, Richard N. Dettelbach, William A. Doyle, Jr., John F. Klein, James N. Kleinfelter, Ronald A. Koplow, Alice B. Licker, Diane E. Lombardy, Marvin N. Miller, Nina H. Rothman, and Amy W. Wachs ("Board members"); and Acacia's Association Manager, Lisa Flynn, and its Maintenance Supervisor, Kenneth Jevnikar. Finding no merit to the appeal, we affirm.

## I. Background

{¶ 2} Appellants Weiss and Phillips own first floor units with patios at Acacia on the Green, a two-building, 273-unit condominium complex in Lyndhurst, Ohio that is managed by Acacia. It is home to approximately 375 people and was founded in 1980 when the buildings were converted from apartments to condominiums. Acacia's common areas, available for the equal enjoyment of all residents, include an outdoor swimming pool, outdoor grilling area with two gas

---

[1] Now Babette R. Krause-Weiss as Executor of Mr. Weiss's Estate.

grills, a tennis court, two pickle-ball courts, two social rooms, a fitness center, and an underground heated garage.

{¶ 3}  Pursuant to R.C. Chapter 5311, Ohio's Condominium Act, Acacia is administered by an elected seven-person board of directors (the "Board") comprised of unpaid volunteer unit owners.  Its governing documents include a Declaration of Condominium Ownership, a set of Bylaws, and the Acacia Resident Rules and Information Handbook ("Resident Rules.")  The Board's duties include regulating the "use, maintenance, repair, replacement, modification, and appearance of the condominium property."  R.C. 5311.081(B)(4).  In keeping with this duty, the Board created and maintains the Resident Rules.  The Board is also responsible for preparing a yearly budget for Acacia and submitting it to the unit owners each year. *See* Bylaws, Article X, Section 3.  Though the deadline to submit the budget is December 15, the Board has traditionally prepared its budget in early April and then sent notices to the unit owners that copies of the budget are available in the Association office.

{¶ 4}  Article 9.01(B) of Acacia's Declaration charges the Board with maintaining common areas in "a state of good working order, condition and repair." Conversely, when condominium property becomes "obsolete," Article 13 of the Declaration gives unit owners the option to vote and decide whether to renew and rehabilitate the property.  Any dissenting unit owner has the option to have their ownership interest purchased at fair market value.  Between 2015 and 2019, the Board undertook various repairs of Acacia's common areas, including its swimming

pool, tennis court, parking deck, employee break room, and social room. Because the Board determined that this maintenance involved routine repairs and updates, it did not seek unit owner approval for the repairs.

{¶ 5} One of the Resident Rules prohibits unit owners from having personal grills on their individual patios, a rule that has been in effect since Acacia converted from an apartment complex to a condominium association in 1980. *Phillips v. Acacia on the Green Condominium Assn., Inc.*, N.D.Ohio No. 1:19CV1277, 2020 U.S. Dist. LEXIS 185941, 3 (Oct. 7, 2020). Acacia banned personal grills "for multiple reasons, including concerns regarding the use of open flames in close proximity to a multi-unit residential building, the attraction of rodents and small animals to grease and food droppings often associated with outdoor cooking, and the nuisance created by unwanted odors and smoke arising from the grill and spreading to other units." *Id.*

{¶ 6} Weiss lived at Acacia in a ground floor unit with a patio since 2012. Over a five-year period beginning in 2013, he sought an exception to the no-personal-grill rule on numerous occasions and for various reasons; the Board and its legal counsel considered and denied each request. Phillips has lived in her ground floor unit, which is adjacent to Weiss's unit, since 2005. She requested permission to have a gas grill on her patio in 2018, which the Board denied.

{¶ 7} Frustrated with the denials of their requests for personal patio grills, in 2019, appellants brought suit against appellees alleging claims for: Count I, violations of Ohio's condominium law; Count II, breach of corporate fiduciary duties

in violation of R.C. Chapter 1702; Count III, breach of contract; Count IV, violations of the federal Fair Housing Amendments Act and the Americans with Disability Act; Count V, unlawful discrimination; Count VI, declaratory judgment; Count VII, audit and accounting; and Count VIII, injunctive relief. Counts IV and V were removed to federal district court and ultimately rejected when the district court granted appellees' motion for summary judgment. *Id.*

{¶ 8} After extensive fact discovery regarding appellants' remaining claims, Acacia filed a motion for summary judgment as to all counts. The next day, appellants filed a motion for partial summary judgment on various issues. Both motions were extensively briefed. The trial court subsequently denied appellants' motion and granted Acacia's motion, dismissing appellants' claims. This appeal followed.

## II. Law and Analysis

{¶ 9} In their motion for partial summary judgment, appellants requested summary judgment on five issues that they contended showed that Acacia and the Board members "knowingly violated their duties" as set forth in Ohio's condominium law and Acacia's Declaration and Bylaws. Specifically, appellants contended there was no genuine issue of material fact that Acacia and the Board engaged in mismanagement for (1) not adopting an annual budget on or before December 1 each year as required by the Bylaws, and preparing incomplete budgets for many years by omitting an itemization of reserve fund income and expenses as required by the Bylaws; (2) failing to submit the annual budget to the unit owners

by December 15 each year and instead, making the budget available to unit owners to view in the manager's office; (3) failing to adopt an annual budget that included an amount sufficient to establish an adequate reserve fund for replacements and contingencies, and misrepresenting the status and use of reserve funds; (4) failing to obtain approval from the unit owners before renovating Acacia's garage and parking deck, swimming pool, picnic pavilion, social room, employees' break room, and irrigation system at the back of property; and (5) failing to abide by an easement granted in the Declaration that allows unit owners with patios to use grills on their patios.

{¶ 10} In its motion for summary judgment, Acacia argued that it was entitled to summary judgment on all of the claims raised in appellants' complaint because appellees did not violate Ohio's condominium law or Acacia's governing documents by denying appellants' request for personal patio grills; appellants' financial mismanagement claims and their claims regarding the Board's alleged mismanagement of Acacia failed because they were not supported with the requisite expert testimony; the Board members did not breach their corporate fiduciary duties or fail to act in the best interests of Acacia; appellees did not breach the Bylaws because they maintained an adequate reserve fund; and Weiss had no standing to pursue any claims against appellees because his unit at Acacia is owned by his brother's trust and, therefore, he had no ownership interest in the unit.[2]

---

[2] R.C. 5311.19(A) provides that "any unit owner," which is defined as "a person who owns a condominium interest in a unit," may commence a civil action for damages and injunctive relief against a condominium association.

{¶ 11} In its journal entry granting Acacia's motion for summary judgment, denying appellants' motion for partial summary judgment, and dismissing appellants' claims, the trial court found that "Acacia's refusal to allow plaintiffs' personal grills is in keeping with Acacia's governing documents and does not violate Ohio condominium law." It further found that R.C. 5311.08(A)(5) gives the Board the power to "adopt rules that regulate the use and occupancy of units, the maintenance, repair, replacement, modification, and appearance of units, common elements, and limited common elements when the actions regulated by those affect common elements or other units." The trial court found that the rule restricting the use of patio grills predated both Phillips's and Weiss's purchase of their condominium units, and that the rule was not arbitrary, was grounded in the health and safety concerns attendant to open flames in close vicinity to a multifamily residential building, and protects other units from unwanted smoke and odors. The court further found that the rule had been applied consistently "for decades." Accordingly, the court found the rule prohibiting the use of patio grills to be enforceable.

{¶ 12} With respect to appellants' claims regarding Acacia's alleged mismanagement, the trial court found that appellants had failed to produce an expert report critical of Acacia's financial mismanagement, while Acacia had produced admissible expert reports. The trial court further found that Acacia's expert reports refuted appellants' claims that the Board members had breached their fiduciary duties. The court concluded that because appellants had failed to

rebut Acacia's expert testimony, they had not met their Civ.R. 56 burden of demonstrating a genuine material issue of fact for trial. Accordingly, the court ruled that "defendants' motion for summary judgment on all claims is granted.  * * * Plaintiffs' motion for partial summary judgment is denied."

{¶ 13} On appeal, appellants present three assignments of error for our review:  (1) the trial court erred in granting summary judgment on appellants' claim that the Resident Rule denying unit owners a right to have personal patio grills violates Ohio's condominium law and Acacia's Declaration; (2) the trial court erred in denying appellants' motion for partial summary judgment on the four additional issues raised in appellants' motion because expert witness testimony was not required to decide those issues; and (3) the trial court erred in dismissing appellants' case in its entirety because it did not consider the claims raised in appellants' complaint that were not addressed in their motion for partial summary judgment.

{¶ 14} We review a trial court's judgment granting a motion for summary judgment de novo. *Citizens Bank, N.A. v. Richer*, 8th Dist. Cuyahoga No. 107744, 2019-Ohio-2740, ¶ 28. Thus, we independently "examine the evidence to determine if as a matter of law no genuine issues exist for trial." *Brewer v. Cleveland Bd. of Edn.*, 122 Ohio App.3d 378, 383, 701 N.E.2d 1023 (8th Dist.1997). We therefore review the trial court's order without giving any deference to the trial court. *Citizens Bank* at ¶ 28. "On appeal, just as the trial court must do, we must consider all facts and inferences drawn in a light most favorable to the nonmoving party." *Glemaud v. MetroHealth Sys.*, 8th Dist. Cuyahoga No. 106148, 2018-Ohio-4024, ¶ 50.

{¶ 15} Pursuant to Civ.R. 56(C), summary judgment is proper where (1) "there is no genuine issue as to any material fact," (2) "the moving party is entitled to judgment as a matter of law," and (3) "reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made." *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978). Trial courts should award summary judgment only after resolving all doubts in favor of the nonmoving party and finding that "reasonable minds can reach only an adverse conclusion" against the nonmoving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-359, 604 N.E.2d 138 (1992).

{¶ 16} The moving party carries an initial burden of setting forth specific facts that demonstrate his or her entitlement to summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). If the movant fails to meet this burden, summary judgment is not appropriate. *Id.* at 293. If the movant does meet this burden, the burden shifts to the nonmovant to establish the existence of genuine issues of material fact. *Id.*

## A. Final Appealable Order

{¶ 17} At the outset, we address appellants' contention that there is no final appealable order — and hence, we lack jurisdiction to consider the appeal — because the trial court "did not properly address all of [appellants'] claims" before dismissing their case in its entirety. To the contrary, there is no question that the trial court's order was final and appealable. Appellees' summary judgment motion addressed

all of the claims asserted in appellants' complaint (with the exception of Counts IV and V, which were removed to federal court) and requested that appellants' complaint "be dismissed in its entirety with prejudice." The trial court's journal entry specifically states that "Defendants' motion for summary judgment *on all claims* is granted." (Emphasis added.) Accordingly, it is apparent that the trial court considered and rejected all claims raised in appellants' complaint before concluding that appellees were "entitled to judgment as a matter of law." Therefore, the judgment entry is a final appealable order.

## B. Acacia's Ban on Personal Patio Grills

{¶ 18} In their first assignment of error, appellants contend that the trial court erred in granting summary judgment to appellees on their claim that Acacia's Resident Rule prohibiting personal patio grills conflicts with their easement to use their patios and the rule is violative of Ohio condominium law.

{¶ 19} Appellants assert that the rule is contrary to Article XI, Section 11.02 of Acacia's Declaration, which appellants contend grants them an unlimited personal easement to their patios:

> The Unit Owner having a patio or balcony adjacent to his Unit shall have for himself, his heirs and assigns an exclusive easement for his use and enjoyment of such patio or balcony; provided, however, that the Unit Owner shall have the right to decorate, landscape or adorn such patio or balcony in any manner without the written consent of the Association, provided that such decorating, landscaping, or adornment shall not be contrary to the Rules of the Association.

{¶ 20} Appellants also contend that the rule restricting personal patio grills violates Ohio condominium law because R.C. 5311.19(A) requires that any

restrictions on the use of condominium property be contained in the association's Declaration.[3] Appellants assert that Acacia's restriction on the use of personal patio grills is not contained in its Declaration and, therefore, is violative of both its Declaration and R.C. 5311.19(A). Appellants' arguments are without merit.

{¶ 21} First, appellants' claim that they enjoy an unrestricted exclusive easement to use their patios as they see fit is not correct. Unit owners do not own their patios — Acacia does. *See* Declaration, Article V, Section 5.05 ("no Owner shall own * * * (v) the patio or balcony.") The patios are "part of the Condominium Property." *Id.* Acacia's Declaration, Article I, Section 1.14 states that the term "Rules" means "such rules and regulations as the declarant or the Board from time to time may adopt relative to the use of the Condominium Property or any part thereof." Acacia's rule prohibiting patio grilling is a rule "relative to the use" of a "part of the Condominium Property." Although appellants do not own their patios, they have an easement to "decorate, landscape or adorn" their patios so long as the use "shall not be contrary to the Rules of the Association." Declaration, Article XI, Section 11.02. In this regard, Acacia's Resident Rules state that "[a]ny form of cooking on the patio or balcony is prohibited. Grills and any food preparation or food storage equipment are prohibited on patios and balconies." Thus, appellants' right to use their patios is not unfettered, as they claim. Because Acacia has adopted a rule prohibiting personal patio grilling, as allowed by its governing documents,

---

[3] R.C. 5311.19 states, "All unit owners * * * shall comply with all covenants, conditions, and restrictions set forth in * * * the declaration, bylaws, or rules of the unit owners' association."

appellants' limited easement does not give them the right to keep their own personal patio grills in contravention of that rule.

{¶ 22} Acacia's prohibition against personal patio grills is also permissible under Ohio law. Condominium restrictions are enforceable so long as they are reasonable. *Acacia on the Green Condominium Assn. v. Gotlieb*, 8th Dist. Cuyahoga No. 92145, 2009-Ohio-4878, ¶ 22. Ohio courts have applied a three-part test to determine whether a condominium restriction is reasonable. Under this test, a reviewing court must determine "(1) whether the decision or rule is arbitrary; (2) whether the decision or rule has been applied in an even-handed or discriminatory manner; and (3) whether the decision or rule was made in good faith for the common welfare of the owners and occupants of the condominium." *Montgomery Towne Homeowners' Assn. v. Greene*, 1st Dist. Hamilton No. C-070568, 2008-Ohio-6905, ¶ 12. "[W]here a restriction is contained in a condominium declaration and was in existence prior to the purchase of a condominium unit, the reasonableness test has less relevance to [the court's] review." *Id*. at ¶ 13.

{¶ 23} Appellants offered no evidence whatsoever that the Board has been arbitrary, discriminatory, or acted in bad faith in enforcing its grilling prohibition. Rather, the undisputed evidence demonstrates that the rule has been enforced for decades, and is based in health and safety concerns attendant to open flames in close vicinity to a multifamily residential building, protects unit owners from unwanted smoke, odors, and rodents and small animals attracted to grease, and has been

applied consistently for decades. Furthermore, the prohibition at issue predates both Phillips's and Weiss's purchase of their condominium units.

{¶ 24} Because Acacia's rule against personal patio grills complies with its own Declaration and Bylaws and is reasonable under Ohio law, the trial court did not err in denying appellant's motion for partial summary judgment on this claim and granting summary judgment to Acacia. The first assignment of error is overruled.

### C. Expert Testimony

{¶ 25} In their second assignment of error, appellants contend that the trial court erred in denying their motion for partial summary judgment because it incorrectly concluded that the other issues raised in appellants' motion[4] required expert testimony to rebut the testimony of appellees' experts that there was no evidence of misconduct or mismanagement by the Board and that the Board acted properly with respect to all of its duties to the unit owners. Appellants contend that its claims did not require expert testimony because none of the facts underlying these four additional issues "involved matters requiring professional skill and judgment." Appellants contend that "common sense is all one needs" to conclude upon a reading of Acacia's governing documents that the Board members are liable

---

[4] Those issues were the Board's alleged financial mismanagement in managing Acacia's cash, neglecting its reserve fund, making poor financial planning decisions, failing to create proper budgets and using improper accounting techniques, and appellants' contention that repairs to common areas authorized by the Board violated the Association's governing documents.

for mismanagement related to its handling of Acacia's finances and its repair of common areas without obtaining unit owner approval for the repairs.

{¶ 26} "Unless a matter is within the comprehension of a layperson, expert testimony is necessary." *Ramage v. Cent. Ohio Emergency Servs.*, 64 Ohio St.3d 97, 102, 592 N.E.2d 828 (1992), citing Evid.R. 702 and 703. "Experts have the knowledge, training, and experience to enlighten the jury concerning the facts and their opinion regarding the facts." *Id.*, citing *McKay Machine Co. v. Rodman*, 11 Ohio St.2d 77, 228 N.E.2d 304 (1967).

{¶ 27} Appellants' contention that one needs only "common sense" to conclude that appellees are liable for mismanagement could be construed as an argument that the "common knowledge exception" applies to this case. Under that exception, "matters of common knowledge and experience, subjects that are within the ordinary, common and general knowledge and experience of mankind, need not be established by expert opinion testimony." *Id.* at 103, citing *Johnson v. Grant Hosp.*, 31 Ohio App.2d 118, 124, 286 N.E.2d 308 (10th Dist.1972), *rev'd on other grounds*, *Johnson v. Grant Hosp.*, 32 Ohio St.2d 169, 291 N.E.2d 440 (1972).

{¶ 28} The evidence demonstrated that Acacia is a multimillion dollar concern, overseen by a Board of Directors with corporate and fiduciary duties and managed by an association manager with over 20 years of professional experience, with the assistance of an independent accounting firm, an insurance broker that specializes in habitational risks, and outside legal counsel that specializes in condominium law. The claims set forth in appellants' complaint challenged the

financial operations, budgeting, and accounting practices of a condominium complex with a multimillion dollar yearly operating budget. It is readily apparent, therefore, that matters relating to the Board's alleged mismanagement as alleged by appellants cannot be construed as within the "general knowledge and experience of mankind." Accordingly, expert testimony was necessary to support appellants' claims.

{¶ 29} In their motion for summary judgment, appellees produced the expert report of Mark Bober, a forensic accountant with over 35 years of experience in financial analysis, accounting and auditing, and business and corporate advisory matters. In his report, Mr. Bober opined that after a careful review of all pertinent financial documents both internal to Acacia and compiled by its long-time professional accountants at Zinner & Co.:

(1) [Appellees'] historical methodology and practices with respect to annual budgeting of operating expenses along with fiscal management of actual expenditures against budgeted expenditures is undertaken in a prudent manner and demonstrates strong fiscal management;

(2) [T]he manner in which [appellees] have historically funded replacement reserves has been fiscally responsible; and

(3) [Appellees'] internal accounting controls as well as processes are strong.

{¶ 30} With respect to appellants' maintenance and management-related claims, appellees also produced the expert report of Steven Avner, who has over 50 years of real estate experience, including the management of homeowners' and condominium associations. In his report, Mr. Avner confirmed that the individually

named Board members and employees had acted properly in accord with their duties to the owners and with respect to the operation of the facility.

{¶ 31} Appellants did not support their criticisms of the Board's management of Acacia with any expert testimony, nor did they move to extend the deadline for the production of expert reports. Instead, they argued in the trial court, as they do on appeal, that "it is obvious" that experts Bober and Avner "did not read the specific requirements of Acacia's governing documents," "were not aware of the Board's failure to comply with [its] fundamental duties," and "simply assumed without a factual basis" that appellees' actions were consistent with Acacia's governing documents. These arguments are not supported by any evidence in the record and are nothing more than pure conjecture.

{¶ 32} The only evidence presented by appellants to support their claims of appellees' alleged financial mismanagement and violation of Acacia's governing documents were appellants' self-serving interpretations of Acacia's Declaration and Bylaws and the Ohio Revised Code. Without any expert testimony, however, appellants failed to meet their evidentiary burden of demonstrating there was a genuine issue of material fact for trial. Accordingly, the trial court did not err in denying appellants' motion for partial summary judgment on these issues. Moreover, because Bober's and Avner's unrebutted expert reports demonstrated that appellees did not breach their duties in any manner, the trial court did not err in granting appellees' motion for summary judgment on these claims. *See Home Indemn. Co. v. Kitchen, Deery & Barnhouse Co.*, 8th Dist. Cuyahoga No. 77372,

2000 Ohio App. LEXIS 5487, 11 (Nov. 22, 2000) (where the plaintiff did not offer expert testimony to rebut the defendant's expert testimony, the plaintiff did not meet its Civ.R. 56 evidentiary burden, and the trial court properly granted summary judgment to defendant).

{¶ 33} Appellants contend, however, that despite the absence of any expert testimony refuting appellees' experts, the trial court nevertheless erred in granting summary judgment because its journal entry of decision did not "discuss" the evidence and law asserted by appellants with respect to these issues. A trial court need not do so. "The trial court need not enunciate any definite statement concerning the court's rationale for granting a motion for summary judgment. In fact, the trial court need not issue anything more than a clear and concise pronouncement of the judgment in its ruling on a motion for summary judgment." *Schaffer v. First Merit Bank, N.A.*, 186 Ohio App.3d 173, 2009-Ohio-6146, 927 N.E.2d 15, ¶ 11 (9th Dist.).

{¶ 34} The trial court's journal entry granting appellees' motion and denying appellants' motion for partial summary judgment properly found that appellants did not meet their Civ.R. 56 evidentiary burden in the absence of expert evidence. But that was not the only basis for the trial court's decision. The journal entry also mentions appellants' incorrect interpretation of Acacia's Resident Rules and the reasonableness of the no-patio-grilling rule, as well as appellants' incorrect interpretation of Ohio condominium law, and the fact that appellants failed to show any breach of the standard of care owed by the Board members to appellants. Thus,

despite appellants' assertion otherwise, the trial court did, in fact, "discuss" the evidence and law related to its dismissal of appellants' claims. The second assignment of error is therefore overruled.

**D. Summary Judgment Granted Regarding All Claims**

{¶ 35} In their third assignment of error, appellants contend that the trial court erred in dismissing their complaint in its entirety because it did not decide the remaining claims in their complaint that — although not argued in their motion — were not dependent on the validity of the rule prohibiting personal patio grills and did not require expert testimony. Appellants' argument is without merit.

{¶ 36} As discussed above, the trial court did, in fact, consider *all* of the claims made in appellants' complaint and concluded there was no genuine issue of material fact regarding any of the claims. Although appellants' motion was for partial summary judgment, appellees sought summary judgment on all of the claims raised in appellants' complaint. Our de novo review of the record demonstrates that the court properly dismissed all of appellants' claims because appellants failed to meet their evidentiary burden of showing an issue of material fact with respect to any of their claims.

{¶ 37} Specifically, as discussed above, appellants presented no expert testimony or other Civ.R. 56 evidence showing that the no-patio-grilling rule was prohibited by Ohio law or Acacia's Declaration or Bylaws, or that the Board had been arbitrary, discriminatory, or acted in bad faith in enforcing the grilling prohibition. Likewise, appellants presented no evidence that the Board breached its duty of care

because it submitted budgets in April rather than December, omitted an itemization of the reserve fund from the budget, and provided copies of the budget in Acacia's office instead of mailing them to unit owners. Appellants also presented no evidence that the Board's budgeting decisions caused them or any other unit owners any actual harm. *See Discover Bank v. Poling*, 10th Dist. Franklin No. 04AP-1117, 2005-Ohio-1543, ¶ 17; *Massara v. Henry*, 9th Dist. Summit No. 19646, 2000 Ohio App LEXIS 5425, 6 (Nov. 22, 2000) (damages must be proven to recover on claims of breach of fiduciary duty and breach of contract).

{¶ 38} Likewise, appellants presented no expert evidence showing that Acacia did not properly manage or fund its reserve account, as required by its Declaration and Bylaws, or that the appellees acted with bad faith or a reckless disregard for Acacia's best interests with respect to the reserve fund.

{¶ 39} Appellants also failed to provide any evidence that the repaired common areas were "obsolete" when the repairs were undertaken, which would have triggered the unit owner ratification for renovation that appellants contend was necessary under Article 13 of Acacia's Declaration. Furthermore, even if the repairs involved unauthorized expenditures, appellants presented no evidence whatsoever that the Board members or Acacia's employees acted in bad faith or with reckless disregard when they undertook the necessary repairs. *See Kleeman v. Carriage Trace, Inc.*, 2d Dist. Montgomery No. 21873, 2007-Ohio-4209, ¶ 61 (Board members are not liable for unauthorized expenditures absent evidence of bad faith, reckless disregard, or deliberate intent to injure).

**{¶ 40}** Because appellants did not meet their burden to set forth Civ.R. 56 evidence demonstrating a genuine issue of material fact on any of their claims, the trial court properly granted summary judgment to Acacia as a matter of law. The third assignment of error is overruled.

**{¶ 41}** Judgment affirmed.

It is ordered that appellees recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

KATHLEEN ANN KEOUGH, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
LISA B. FORBES, J., CONCUR