## CAMBRIDGE HILLS LAND CO v EUCLID
(Village)

Ohio Appeals. 8th Dist, Cuyahoga Co
No. 10103. Decided November 18, 1929

Messrs. Chas. S. Reed and A. L. Steuer, Cleveland, for Cambridge Hills Land Co.

Mr. Stanley L. Orr, Cleveland, for Euclid (Village).

**PER CURIAM**

The plaintiff seeks to enjoin these various defendants from collecting certain assessments in connection with improvements installed in and about land owned by the plaintiff. In the brief of counsel for Euclid Village it is pointed out that it is nowhere alleged in the petition that the plaintiff had made objection to the Village Council against the assessments. Authorities are cited to the effect that the filing of such objections is a prerequisite to any equitable relief sought in the court.

**Bashore vs. Brown, 108 OS., page 18.**
**Cuyahoga Falls vs. Beck, 110 OS. 82.**

A perusal of the petition in its entirety discloses that it is claimed by the plaintiff that the assessments were sought in connection with the installing of certain sewers on the land of the plaintiff; that certain pipes were installed, but no outlet was provided. In effect the petition alleges that no sewer at all was constructed. In other words, that the improvement for which the assessments are claimed was never installed. It goes beyond the claim that the assessments were not commensurate with the benefits conferred. It alleges in substance that no improvement whatever was installed. This, in our opinion, states a cause of action.

The objection to the introduction of any evidence is, therefore, overruled.

Vickery, PJ., Levine and Sullivan, JJ., concur.

## HANZEL v SEARL, Exr.

Ohio Appeals, 4th Dist, Scioto Co
Decided November 22, 1929

Messrs. Bannon & Bannon, Portsmouth, for Hanzel.

Messrs. Miller and Searl, Portsmouth, for Searl.

**MIDDLETON, PJ.**

There is some discussion in this case regarding positive evidence and negative evidence. Negative evidence, as we understand the term, is nothing more than evidence tending to prove the non-existence of a fact supported by positive evidence.

In the instant case there is no positive evidence of the fact claimed by the plaintiff, namely, that he loaned the decedent, W. J. Burke, five thousand dollars. The only evidence before the court reflecting upon the truth of this claim is circumstantial evidence, and the circumstances in evidence are that on May 16, 1927, the plaintiff in error delivered to Burke his check for five thousand dollars, which check Burke in turn endorsed to the Vulcan Last Company, which company credited Burke's account with that amount. There are some other circumstances in evidence which might be considered in a remote way to be consistent with the claim that this was a loan. The difficulty with this case is not in the failure of the evidence to establish that it was not a loan but in the complete failure to establish that it was a loan. It was observed by the court during the submission of the case that the judgment of the lower court was protected by the same rules which apply to the verdict of a jury, and there is certainly nothing in the record which would justify a reviewing court in holding that the judgment of the lower court was against the manifest weight of the evidence. Such a situation could not be when the record fails to disclose any evidence to establish the claim that the check was given to Burke as a loan.

The judgment is affirmed.

Mauck and Blosser, JJ., concur.