OPINION
{¶ 1} Defendant-appellant James Street appeals from a judgment for rent in favor of plaintiff-appellee James Wilson. Street maintains that the trial court erred both in finding the existence of a contract implied-in-fact and in its determination of the terms of that contract. Because Street has failed to provide a complete record for our review, he has not overcome the presumption of regularity in the trial court proceedings. *Page 2 
Accordingly, we affirm the judgment of the trial court.
 I {¶ 2} The trial court made the following findings of fact:
 {¶ 3} Street and Wilson became friends in the 1990's through their common interest in World War II memorabilia. At some point Wilson agreed to allow Street to store some of his WWII memorabilia on Wilson's property. Street placed nine boats on trailers, outboard motors and several smaller items in Wilson's barn. He also stored three large boats, a semi truck with a sleeper compartment, four junk cars, and six PT boat motors on the grounds outside of the barn.
 {¶ 4} The relationship began to deteriorate, and in 2005, Wilson asked Street on numerous occasions to remove his belongings, which Street failed to do. In October, 2005 Wilson retained counsel who sent an e-mail message to Street's attorney stating that beginning on November 15, 2005, $1,000 in rent would be charged for each month that Street's belongings remained on Wilson's property. Wilson's attorney faxed the same declaration to Street's counsel the following day. On Street's request, Wilson agreed to extend that date until December 31, 2005. Prior to the agreed upon deadline, Street removed all of the items from the barn and most of the items stored outside, with the exception of the six PT boat motors, which remained until April, 2007.
 {¶ 5} In January, 2007 Wilson filed a complaint against Street presenting five claims. Relevant to this appeal, Wilson demanded removal of the motors and $15,000 in rent for the use of his land as storage. Following a trial, the court rendered judgment in favor of Wilson, finding that a contract implied-in-fact was created and awarding *Page 3 
Wilson $15,000.
 {¶ 6} From the judgment against him, Street appeals.
 II {¶ 7} Street's First Assignment of Error is as follows:
 {¶ 8} "THE LOWER COURT ERRED IN CONCLUDING THAT A UNILATERAL CONTRACT EXISTED BETWEEN THE PARTIES."
 {¶ 9} Street's Second Assignment of Error is as follows:
 {¶ 10} "THE LOWER COURT ERRED IN ASSESSING DAMAGES IN WHICH PART WAS A PENALTY."
 {¶ 11} A contract implied-in-fact is a contract inferred from the surrounding circumstances, including the conduct and statements of the parties, which lead to a reasonable assumption that a contract exists between the parties by tacit understanding. Legros v. Tarr (1989),44 Ohio St.3d 1, 6. See, also, Rumpke v. Acme Sheet Roofing (Nov. 12, 1999), Montgomery App. No. 17654, citing Stepp v. Freeman (1997),119 Ohio App.3d 68, 74. The determination of whether a contractual offer and acceptance have occurred is a factual question. Normandy PointeAssociates v. Brannon (Jan. 30, 1998), Montgomery App. No. 16641, citingGarrison v. Daytonian Hotel (1995), 105 Ohio App.3d 322, 325. "A factual finding of the trial court will be reversed only if it is found to be against the manifest weight of the evidence." Zeefe v. Zeefe (Feb. 2, 1998), Cuyahoga App. No. 69975, citing Seasons Coal Co. v.Cleveland (1984), 10 Ohio St.2d 77. See, also, Hahn v. Hahn (Nov. 20, 1994), Greene App. Nos. 94-CA-96 94-CA-37, citing Seasons Coal, supra. Although he couches his argument in different terms, Street *Page 4 
is essentially arguing that the trial court's judgment is against the manifest weight of the evidence.
 {¶ 12} "If the Appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence[,] he shall include in the record a transcript of all evidence relevant to such findings or conclusions." App. R. 9(B). See, also, State v. Short (April 17, 2009), Darke App. No. 1737, ¶ 6, citingOstrander v. Parker-Fallis Insulation Co. (1972), 29 Ohio St.2d 72. Despite this rule, Street has chosen not to provide us with a transcript of the trial below. When an appellant fails to exemplify error by creating a proper record for our review, we have no alternative but to presume the regularity of the trial court proceedings. Clay v.Delph (May 2, 1984), Greene App. No. 83-CA-91.
 {¶ 13} Because Street has failed to provide a transcript of the trial, we cannot determine whether the trial court's judgment was supported by some competent, credible evidence, and the record before us cannot support the errors that he assigns. Therefore, Street's First and Second assignments of error are overruled.
 III {¶ 14} Both of Street's assignments of error having been overruled, the judgment of the trial court is Affirmed.
BROGAN and GRADY, JJ., concur.
Copies mailed to:
Ronald J. Kozar
Alan A. Biegel
Hon. Mary Katherine Huffman *Page 1