[Cite as *Discover Bank v. Pierce*, 2012-Ohio-3103.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

DISCOVER BANK                                     :

    Plaintiff-Appellee                          :            C.A. CASE NO.    24842

v.                                                :            T.C. NO.    11CV740

JAMES W. PIERCE                                   :              (Civil appeal from
                                                               Common Pleas Court)

    Defendant-Appellant                         :

                                                  :

. . . . . . . . . .

**O P I N I O N**

Rendered on the _____6th_____ day of _____July_____, 2012.

. . . . . . . . . .

DOUGLAS N. HATTAWAY, Atty. Reg. No. 0086957, 175 South Third Street, Suite 900, Columbus, Ohio 43215
    Attorney for Plaintiff-Appellee

JAMES W. PIERCE, 6672 Willowmere Court, Huber Heights, Ohio 45424
    Defendant-Appellant

. . . . . . . . . .

CUNNINGHAM, J. (by assignment)

    **{¶ 1}**   James W. Pierce, pro se, appeals from a judgment of the Montgomery County Court of Common Pleas, which denied his motion to dismiss and subsequently granted, without seven days' notice and a hearing, a default judgment to Discover Bank on

its claim against Pierce for an unpaid credit card balance. For the following reasons, the trial court's judgment will be reversed, and the matter will be remanded for a hearing on the motion for default judgment.

I.

{¶ 2}   In January 2011, Discover Bank filed a complaint against Pierce, alleging that Pierce had defaulted on the terms of his credit card agreement and owed $11,757.16, plus interest. Several of Pierce's credit card statements and an unsigned cardmember agreement were attached to Discover Bank's complaint. Pierce was timely served with the complaint.

{¶ 3}   Pierce responded with a "Response and Motion to Dismiss ('Demurrer')," seeking dismissal of the action against him and an order requiring Discover Bank to pay his costs to defend the action. Pierce argued (1) that the bank was abusing the judicial process, (2) that the bank's actions against him violated several statutes, including the Fair Debt Collections Practices Act, (3) that the bank had failed to state a claim against him, noting that Discover Bank had closed the account and "clear[ed] the books of the debt in question," and (4) that the bank's allegations had previously been litigated by the Municipal Court of Montgomery County in Huber Heights, resulting in the prior action's dismissal for lack of evidence. Pierce submitted numerous documents with his motion, including a notice of voluntary dismissal by Discover Bank in an action against him in the municipal court and a credit card statement with a closing date of November 30, 2009, showing a zero balance. Discover Bank opposed the motion, arguing that its complaint was sufficient to state a claim under the notice pleading requirements of Civ.R. 8.

{¶ 4}     In April 2011, the trial court denied Pierce's motion to dismiss, pursuant to Civ.R. 12(B)(6), concluding that Discover Bank's complaint "set forth the operative facts upon which Plaintiff alleges it is entitled to relief."  Pierce subsequently failed to file an answer to Discover Bank's complaint.

{¶ 5}     On September 7, 2011, Discover Bank moved for a default judgment against Pierce; a copy of the motion was sent to Pierce by ordinary U.S. mail.  Five days later, the trial court granted the motion, without a hearing.  The court entered a default judgment in favor of Discover Bank and against Pierce in the amount of $11,757.16, plus accrued interest of $9,579.07 through March 11, 2009, and interest thereafter at a rate of 24.999%,[1] and costs.

{¶ 6}     Pierce appeals from the trial court's judgment.

II.

{¶ 7}     Pierce has not set forth any assignments of error as required by App.R. 16(A)(3).  However, he appears to challenge the trial court's failure to grant his motion to dismiss and its subsequent entry of a default judgment against him.

{¶ 8}     First, Pierce claims that the trial court erred in denying his "Response and Motion to Dismiss (Demurrer)," which was reasonably construed as a motion to dismiss, pursuant to Civ.R. 12(B)(6).

{¶ 9}     "[A] motion to dismiss is a procedural mechanism that tests the sufficiency of the allegations in the complaint."  *State Auto. Mut. Ins. Co. v. Titanium Metals Corp.*,

---

[1] Discover Bank's motion requested interest of 24.990%, consistent with its complaint and the documents attached thereto.

108 Ohio St.3d 540, 2006-Ohio-1713, 844 N.E.2d 1199, ¶ 8.   Generally, a Civ.R. 12(B)(6) motion asserts that the pleader has failed to allege operative facts demonstrating the pleader's right to the alleged relief.   *Rieger v. Podeweltz*, 2d Dist. Montgomery No. 23520, 2010-Ohio-2509, ¶ 6.   In reviewing a Civ.R. 12(B)(6) motion, the trial court must presume the allegations in the complaint are true and make all reasonable inferences in favor of the non-moving party.   *Collins v. National City Bank*, 2d Dist. Montgomery No. 19884, 2003-Ohio-6893, ¶ 8, citing *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 570, 664 N.E.2d 931 (1996).   The motion may be granted only when the court finds, from the allegations in the complaint, that the plaintiff can prove no set of facts in support of its claim that would entitle it to relief.   *Id.*   When a Civ.R. 12(B)(6) motion presents matters outside the pleadings, the court may consider them only if the court converts the motion to a motion for summary judgment.   Civ.R. 12(B).

{¶ 10}   In this case, the trial court did not convert the motion to dismiss into a motion for summary judgment, and it did not consider the materials attached to Pierce's motion.   Accordingly, we likewise will not consider any of the attachments to Pierce's motion.

{¶ 11}   Discover Bank alleged that Pierce applied for a credit card with Discover Bank, that Pierce accepted the terms of the credit card agreement by using the card, that Pierce had a balance due of $11,757.16, and that Pierce had failed to pay the amount due and owing, despite a demand by Discover Bank.   The bank supported its allegations with a copy of the card agreement and an account statement – with Pierce's name and a closing date of December 22, 2009 – indicating a balance due of $11,757.16.   Construing those allegations

and supporting documents in the light most favorable to the bank, Discover Bank has set forth operative facts demonstrating its right to a judgment of $11,757.16 with interest at a rate of 24.99%. The trial court reasonably concluded that Discover Bank's complaint stated a claim upon which relief could be granted, and it did not err in denying Pierce's motion to dismiss.

{¶ 12} Second, Pierce challenges the trial court's entry of a default judgment against him. Discover Bank concedes that the trial court erred in granting the bank's motion for default judgment without a hearing. In its notice of conceded error, pursuant to 2d Dist. Local R. 2.24, Discover Bank acknowledges that Pierce appeared in the action by filing his "Response and Motion to Dismiss (Demurrer)," which entitled Pierce to notice and a hearing prior to the entry of a default judgment. The bank further acknowledges that Pierce was not provided the required notice and that no hearing was held.

{¶ 13} We agree with the parties that the trial court erred in granting Discover Bank's motion for a default judgment without a hearing. Civ.R. 55(A) provides:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor * * *. If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application. * * *

As conceded by Discover Bank, Pierce appeared in the action when he filed his motion to

dismiss. Accordingly, he was entitled to seven days' notice and an opportunity to be heard on the motion for a default judgment. The trial court failed to comply with those requirements.

III.

{¶ 14} The trial court's judgment will be reversed, and the matter will be remanded for a hearing on Discover Bank's motion for default judgment.

. . . . . . . . . .

GRADY, P.J. and FAIN, J., concur.

(Hon. Penelope R. Cunningham, First District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Douglas N. Hattaway
James W. Pierce
Hon. Barbara P. Gorman