[Cite as *Folck v. Redman*, 2013-Ohio-3646.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK   COUNTY

| | | |
|---|---|---|
| NEAL C. FOLCK | : | |
| | : | Appellate Case No. 2013-CA-35 |
| Plaintiff-Appellant | : | |
| | : | Trial Court Case No. 12-CVI-2436 |
| v. | : | |
| | : | |
| ROBERT REDMAN | : | (Civil Appeal from |
| | : |  Clark County Municipal Court) |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 23rd day of August, 2013.

. . . . . . . . . . .

NEAL FOLCK, 4581 Jeremy Avenue, Springfield, Ohio 45502
        Plaintiff-Appellant, *pro se*

ROBERT REDMAN, 376 East Market Street, Xenia, Ohio 45385
        Defendant-Appellee, *pro se*

. . . . . . . . . . . . .

FAIN, P.J.

{¶ 1}     Plaintiff-appellant Neal C. Folck appeals from a judgment for defendant Robert

Redman.   We infer from Folck's brief that he is contending that the judgment of the trial court is

against the manifest weight of the evidence.

{¶ 2}     We conclude that the trial court's judgment is not against the manifest weight of

the evidence.   Accordingly, the judgment of the trial court is Affirmed.

## I. Folck Rents a Boat to Redman

{¶ 3}     The magistrate made the following findings of fact:

1.   On June 30, 2012 Plaintiff Neal C. Folck rented to Defendant Robert Redman Plaintiff's 2002 Sea Ray boat.   The boat was returned to Plaintiff at the end of the day.

2.   On July 1, 2012, Plaintiff advised Defendant that there were scratches in the bow area, for which he requested compensation.

3.   Plaintiff testified to his belief that the scratches occurred during the use or transport [of the boat] by Defendant.   Plaintiff's witness and companion, Virginia Lynn, echoed that testimony.   Plaintiff offered blurry black and white photocopies of undated pictures purporting to show the damage.   Plaintiff did not observe, and offered no testimony from anyone who observed, the actual infliction of any damage.   Plaintiff offered no direct evidence of any specific act or omission causing the alleged damage.

4.   Defendant testified that he did not carefully inspect the boat upon taking possession, but did look it over before returning it.   He adamantly denied causing any damage during his use or transport of the boat.   Defendant's wife also testified that she observed no fresh damage, and that they did nothing to cause the scratches complained of by Plaintiff while they had possession.   Defendant testified and offered documents showing that there had been a severe storm the night before the rental, suggesting that any actual damage may have been caused

thereby.

5. Plaintiff called no witness to testify as to the diminution in value of the boat as a result of the alleged scratches, or the reasonableness and necessity of the repair costs he claims; Plaintiff did offer a Repair Order from Al Williams Enterprises, dated September 25, 2012, in the amount of $561.75, but no evidence of actual payment of any such amount.

6. Both before the June 30, 2012 rental to Defendant, and between such rental and the September 25, 2012 Repair Order, the boat in question had been rented to, used by, and transported by persons other than Defendant.

7. The testimony of Defendant and Mrs. Redman is found by the Magistrate to be credible. The testimony of Plaintiff and Ms. Lynn is found to be lacking in credibility, and in some respects beyond the scope of their personal knowledge.

{¶ 4} There is evidence in the record to support all of these findings except for #6; Folck testified that he did not rent the boat to anyone between the rental to Redman and the repair order, and there was no testimony to the contrary.

## II. Course of the Proceedings

{¶ 5} Folck commenced an action against Redman in the Small Claims Division of the Municipal Court, seeking $500 in damages. A trial was held before a magistrate. At the trial, Folck testified and also had a witness familiar with his boat testify about the fact that it had been damaged during the time Redman rented the boat. Redman and his wife testified that they did

not damage the boat during the rental period. The magistrate found the testimony of the Redmans to be more credible than the testimony of Folck and his witness. The magistrate rendered a decision in favor of Redman. Folck filed objections to the magistrate's decision and requested findings of fact and conclusions of law, which the magistrate issued in November 2012.

{¶ 6}    Before the trial court took any action on the magistrate's decision, Folck filed a notice of appeal from the magistrate's findings of fact and conclusions of law. We dismissed the appeal for lack of a final appealable order. On March 28, 2013, the trial court overruled Folck's objections to the magistrate's decision and rendered judgment in favor of Redman. From this judgment, Folck appeals.

### III. The Judgment Is Not Against the Manifest Weight of the Evidence

{¶ 7}    Folck's appellate brief fails to comply with App.R. 16(A) in several respects. Notably, Folck does not identify an assignment of error in his brief, but complains generally about the trial court's weighing of the evidence presented at trial. We infer Folck's assignment of error to be as follows:

THE TRIAL COURT'S JUDGMENT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 8}    The standard set forth for manifest-weight-of-the-evidence appellate review in *State v. Thompkins*, 78 Ohio St.3d 380, 678 N.E.2d 541 (1997), applies also in civil cases. *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 17. In applying this standard, the appellate court, reviewing the entire record, weighs the evidence and all

reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the factfinder clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment. *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983), cited approvingly in *Thompkins* at 387.

{¶ 9} The trial court found, in part:

This case came down to the credibility of witnesses and the magistrate was in a unique position to assess those qualities. Nothing in the record even hints at the slightest bias on his part in making the factual determination.

Bottom line, Plaintiff's evidence fell short of the burden of proof needed to sustain his claim. Plaintiff could not present evidence as to what caused the damage, who caused the damage, or how much damage there was.

{¶ 10} Folck contends that the trial court ignored Folck's testimony. The trial court did not ignore Folck's testimony. The trial court considered Folck's testimony, but found Redman's testimony to be more credible. The credibility of the witnesses and the weight to be given to their testimony are primarily matters for the trier of facts to resolve. *State v. DeHass*, 10 Ohio St.2d 230, 231, 227 N.E.2d 212 (1967). "Because the factfinder * * * has the opportunity to see and hear the witnesses, the cautious exercise of the discretionary power of a court of appeals to find that a judgment is against the manifest weight of the evidence requires that substantial deference be extended to the factfinder's determinations of credibility. The decision whether, and to what extent, to credit the testimony of particular witnesses is within the peculiar

competence of the factfinder, who has seen and heard the witness." *State v. Lawson*, 2d Dist. Montgomery No. 16288, 1997 WL 476684, *4 (Aug. 22, 1997).

{¶ 11}  Based on our review of the record before us, we conclude that this is not one of those exceptional cases in which the evidence weighs heavily against the judgment. *Martin,* at 175.  Therefore, the judgment is not against the manifest weight of the evidence.

{¶ 12}  Folck's inferred assignment of error is overruled.

## IV. Conclusion

{¶ 13}  Folck's inferred assignment of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

DONOVAN and FROELICH, JJ., concur.


Copies mailed to:

Neal C. Folck
Robert Redman
Hon. Eugene S. Nevius