[Cite as *Discover Bank v. Pierce*, 2014-Ohio-625.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

DISCOVER BANK                              :

     Plaintiff-Appellee                :            C.A. CASE NO.    25755

v.                                         :            T.C. NO.    11CV740

JAMES W. PIERCE                            :            (Civil appeal from
                                                        Common Pleas Court)

     Defendant-Appellant              :

                                           :

· · · · · · · · · ·

**O P I N I O N**

Rendered on the _____21st_____ day of _____February_____, 2014.

· · · · · · · · · ·

MATTHEW G. BURG, Atty. Reg. No. 0072556, 323 West Lakeside Avenue, Suite 200, Cleveland, Ohio 44113
     Attorney for Plaintiff-Appellee

JAMES W. PIERCE, 6672 Willowmere Court, Dayton, Ohio 45424
     Defendant-Appellant

· · · · · · · · · ·

FROELICH, P.J.

    **{¶ 1}** James W. Pierce, pro se, appeals from a judgment of the Montgomery

County Court of Common Pleas, which, after a bench trial, entered judgment against him

and in favor of Discover Bank, c/o DB Servicing Corporation, in the amount of $11,757.16 (plus interest) for an unpaid credit card balance. For the following reasons, the trial court's judgment will be affirmed.

## I. Factual and Procedural History

{¶ 2} In January 2011, Discover Bank filed a complaint against Pierce, alleging that Pierce had defaulted on the terms of his credit card agreement and owed $11,757.16, plus interest. Several of Pierce's credit card statements and an unsigned cardmember agreement were attached to Discover Bank's complaint. Pierce was timely served with the complaint. Pierce moved to dismiss the action, pursuant to Civ.R. 12(B)(6), but the motion was denied. Thereafter, Pierce failed to file an answer, and the court entered a default judgment against him.

{¶ 3} Pierce appealed the trial court's judgment, arguing that the default judgment was improper and that the trial court should have granted his motion to dismiss. We affirmed the trial court's denial of Pierce's Civ.R. 12(B)(6) motion, but reversed the default judgment on the ground that Pierce was not provided the required notice and opportunity to be heard before the default judgment was entered. *Discover Bank v. Pierce*, 2d Dist. Montgomery No. 24842, 2012-Ohio-3103. We remanded for a hearing on the motion for a default judgment. *Id.*

{¶ 4} Upon remand, Pierce filed an answer and the case proceeded. Discover Bank moved for summary judgment, which the trial court denied. On January 10, 2013, a bench trial was held, during which Candi Kirkland, a representative of DB Services, and Pierce testified. Both parties submitted post-trial proposed findings of fact and conclusions

of law.

**{¶ 5}** On April 18, 2013, the trial court granted judgment in favor of Discover Bank. The court found the following facts:

Defendant James W. Pierce ("Defendant") applied for and received a credit card with Discover Bank ("DB") through a preapproved application in 1987. Associated with the credit card application is a Cardmember Agreement that binds each of DB and Defendant by its terms. The Court finds that Defendant used the credit card and received periodic statements at his home address. Defendant made regular purchases on the card and made regular payments, although some were late, on the credit card through 2009.

Candi Kirkland, a team leader for DB Services LLC ("Kirkland") presented evidence that as of March 2005, Defendant's credit card balance was $7,931.42. Defendant testified that, despite his several requests, he has never received a copy of a fully executed cardmember agreement from DB. He further claimed that the basis of the debt was never properly or legally validated.

**{¶ 6}** After setting forth the legal requirements for an action on an account, the trial court concluded:

Plaintiff provided this Court with documentation of Defendant's account from March 2005 with a beginning balance of $7,931.42. Kirkland's testimony established that Defendant used the credit card prior to March 2005, and the Court finds that the March 2005 balance of $7,931.42

constitutes a proper account stated. The records of the account demonstrate that Defendant failed to make the required payments on the account and there is a balance due and owing on the account of $11,757.16.

The trial court thus entered judgment in favor of Discover Bank and against Pierce in the amount of $11,757.16, plus interest on the principal balance at the rate of 3.000% per annum.

{¶ 7} Pierce appeals from the trial court's judgment.

## II. Pierce's Alleged Failures to Comply with Appellate Procedure

{¶ 8} In its appellate brief, Discover Bank asks that we dismiss Pierce's appeal on the ground that Pierce "presents an incoherent brief that lacks compliance with the rules." Discover Bank states that Pierce has failed to set forth assignments of error and a statement of issues on appeal and failed to support his arguments with legal authority. Discover Bank notes that this is not Pierce's first appeal to this court, and it asserts that he should be held to the Appellate Rules. Discover Bank further argues that the documents attached to Pierce's appellate brief should be stricken.

{¶ 9} In Ohio, "[l]itigants who choose to proceed pro se are presumed to know the law and correct procedure, and are held to the same standards as other litigants." *Yocum v. Means*, 2d Dist. Darke No. 1576, 2002-Ohio-3803, ¶ 20; *see also, e.g., Preston v. Shutway*, 2013-Ohio-185, 986 N.E.2d 584, ¶ 12 (2d Dist.); *Windsor v. Francis*, 2d Dist. Montgomery No. 24959, 2012-Ohio-4863, ¶ 5. A pro se litigant "cannot expect or demand special treatment from the judge, who is to sit as impartial arbiter." *Yocum* at ¶ 20, quoting *Kilroy v. B.H. Lakeshore Co.*, 111 Ohio App.3d 357, 363, 676 N.E.2d 171 (8th Dist.1996).

{¶ 10}   App.R. 16(A)(3) requires that an appellate brief contain a "statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected."   Pierce's appellate brief does not include assignments of error as required by App.R. 16(A).   (Pierce's appellate brief in his prior appeal also failed to set forth assignments of error.)   Nevertheless, Pierce's brief identifies five general alleged errors by the trial court, and we can infer Pierce's assignments of error from the nature of his arguments.   Although we caution Pierce to comply with the Appellate Rules in the future, we decline to dismiss this appeal on that basis.

{¶ 11}   Pierce has attached numerous documents to his appellate brief, which Discover Bank asks us to strike.   Discover Bank's motion to strike is denied.   However, we will consider only the record on appeal in reviewing the assignments of error.   *See Yates v. Kanani*, 2d Dist. Montgomery No. 23492, 2010-Ohio-2631, ¶ 24 ("An appellate court's review in a direct appeal is limited to the materials in the record and the facts and evidence presented to the trial court.").

### III.   Manifest Weight of the Evidence

{¶ 12}   Pierce contends that the trial court erred in entering judgment against him, because Discover Bank failed to present a signed credit card agreement and to provide his complete payment history.   Pierce thus asserts that Discover Bank failed to validate the debt.   We construe Pierce's argument to be that, due to these deficiencies, the trial court's judgment was against the manifest weight of the evidence.

{¶ 13}   "Weight of the evidence concerns 'the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury [or other fact finder] that the party having the burden of proof

will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief.'" *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 12, citing *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997).

{¶ 14} An appellate court applies the same manifest-weight-of-the-evidence standard in criminal and civil cases. *Eastley* at ¶ 17. The appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether in resolving conflicts in the evidence, the factfinder clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered.

{¶ 15} In weighing the evidence in criminal or civil cases, a court of appeals "must always be mindful of the presumption in favor of the finder of fact." *Eastley* at ¶ 19, ¶ 21. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment. *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983), cited with approval in *Thompkins* at 387, 678 N.E.2d 541.

{¶ 16} "An action on account is founded upon contract, and exists to avoid the multiplicity of suits that would be necessary if each transaction between the parties would be construed as constituting a separate cause of action. The cause of action exists only as to the balance that may [be] due one of the parties as a result of the parties' transactions, and not as to each item of the account." (Citation omitted.) *Rumpke v. Acme Sheet and*

*Roofing, Inc*., 2d Dist. Montgomery No. 17654, 1999 WL 1034455, *4 (Nov. 12, 1999). A breach of contract claim requires proof of the existence of a contract, performance by the plaintiff, breach by the defendant, and resulting damage to the plaintiff. *E.g*., *Sullivan v. Curry*, 2d Dist. Montgomery No. 23293, 2010-Ohio-5041, ¶ 43. "Ohio recognizes that the issuance and use of a credit card can create a legally binding agreement." *Unifund CCR Partners Assignee of Palisades Collection, LLC v. Childs*, 2d Dist. Montgomery No. 23161, 2010-Ohio-746, ¶ 17; *see also, e.g., Discover Bank c/o DFS Servs. L.L.C. v. Lammers*, 2d Dist. Greene No. 08 CA 85, 2009-Ohio-3516; *Citibank, N.A. v. Ebbing*, 12th Dist. Butler No. CA2012-12-252, 2013-Ohio-4761, ¶ 54; *Discover Bank v. Poling*, 10th Dist. Franklin No. 04AP-1117, 2005-Ohio-1543, ¶ 17. No written agreement is required. *See id.*

{¶ 17} To establish the amount due on the account, a plaintiff must prove "(1) a beginning balance (zero, or a sum that can qualify as an account stated, or some other provable sum); (2) listed items, or an item, dated and identifiable by number or otherwise, representing charges, or debits, and credits; and (3) a summarization by means of a running or developing balance, or an arrangement of beginning balance and items which permits the calculation of the amount claimed to be due." (Citation omitted.) *Lammers* at ¶ 20. "Absolute certainty of proof is not required, but there must be something upon which the court can form its judgment." *Rumpke* at *4; *see also R.H. Donnelley Pub. & Advertising v. Armstrong*, 2d Dist. Miami No. 2012 CA 15, 2013-Ohio-1927, ¶ 19.

{¶ 18} Pierce asserts that Discover Bank failed to prove that it had a contract with Pierce and the amount due on the account.

{¶ 19} Kirkland testified that an individual credit card account for James W. Pierce

was opened in 1987. Pierce's account agreement was periodically updated, and the updated agreements were sent to him along with his monthly account statement. Plaintiff's Exhibit 1 was a Discover Card preapproved application signed by a James W. Pierce. Exhibit 2 was an updated account agreement, dated 2009, that was mailed to Pierce at his home address with his monthly statement; this agreement was not signed.

{¶ 20} Kirkland also identified monthly Discovery Platinum Card account summaries that were sent to Pierce (Exhibit 3). These monthly statements showed the activity on the account between March 24, 2005 and December 22, 2009. The oldest monthly statement showed a previous balance of $7,931.42, itemized additional purchases between March 24, 2005 and April 17, 2005, and had a payment due date of May 23, 2005; the statement was sent to Pierce at 6672 Willowmere Court in Huber Heights, Ohio. The statement with a due date of July 23, 2005 also showed additional purchases made. The statement with a due date of December 25, 2009, showed a balance due of $11,757.16. The final statement with a due date of January 17, 2010, had the same balance due.

{¶ 21} Kirkland testified that she did not have the account statements from 1987 to April 2005, and that account records are kept up to ten years. Kirkland stated that the balance of $7,931.42 was taken from prior statements, and that the account had no record of any disputes regarding the balance, credits, or adjustments.

{¶ 22} Discover Bank presented evidence of payments on the account. A check for $235, dated March 18, 2009, was made to Discover Card on a check with the pre-printed names "James W. or Martha M. Pierce." The check was signed by James Pierce. Two additional checks, dated May 5, 2006, and June 17, 2006, were made out to Discover

Platinum Card and were signed by James W. Pierce; these checks were drawn on a National City bank account with "James W. Pierce" pre-printed on the checks. Discover Bank also presented two checks to Discover Card signed by Martha M. Pierce (James's wife) from the Pierces' checking account and with the Pierces' names and home address on the top left corner. Both checks – dated June 6, 2007 and April 18, 2008 – noted the credit card account number on the memo line. The monthly statements reflected the payments made by the Pierces' checks.

{¶ 23} Pierce asserted that Plaintiff's Exhibit 1 (the preapproved application) was a "cut out clipping from a newspaper." Pierce testified that he did not sign Plaintiff's Exhibit 1. He acknowledged that he lived at 427 Mansfield Drive in Lapeer, Michigan (the address on the application) in 1987, and that he resided at 6672 Willowmere Court in Huber Heights (the address on the monthly statements) from 2005 to beyond 2009. Pierce did not recall having and/or using a Discover account, and he denied or did not recall various specific charges on the Discover Card statements in 2005 and September 2006. Pierce stated that he was not aware, in any way, of the account. He indicated that he did not see any of the account statements prior to 2010. Pierce elicited testimony from Kirkland that the balance due of $11,757.16 was "charged off," i.e., it was written off by the company, in December 2009, and that the December 2009 statement showed a balance due of $0. (Kirkland explained, however, that a "charge off" does not eliminate the debt owed by the cardholder; it merely indicates that the debt is deemed uncollectible.)

{¶ 24} Pierce denied writing any of the checks to Discover Card in Plaintiff's Exhibit 4. He did not recall having a checking account at National City Bank or a post

office box in Dayton. Pierce agreed that he had a joint checking account at Liberty Savings Bank, but he indicated that his wife handled the finances. Pierce did not report to the police that identity theft had occurred regarding the use of the Discover card and/or that his checking account was used to make payments to Discover Card.

{¶ 25} Pierce elicited testimony from Kirkland that Discover Bank will respond to written requests for the "signed agreement that validates that debt"; Kirkland did not know how long it would take to provide a response. Pierce claimed that Discover Bank never validated the debt and that he never received a complete payment history.

{¶ 26} With the record before us, we cannot conclude that the trial court's judgment was against the manifest weight of the evidence. Discover Bank presented evidence that Pierce applied for a Discover credit card in 1987 and signed an application as part of that process. Updated agreements were mailed to Pierce at this home address, the most recent update being in 2009. Although Pierce disputes knowledge of the account and usage of the card, the account statements and checks demonstrate that Pierce made purchases in 2005 and 2006, and that payments on the account were made from Pierce's bank accounts by him or his wife, Martha. The trial court did not err in concluding that Pierce had a contract with Discover Bank.

{¶ 27} The trial court's conclusion as to the amount due was also not against the manifest weight of the evidence. Although Discover Bank did not present a complete payment history for the account, Kirkland explained that Discover Bank retained records for ten years. A statement from 2005 showed a balance due of $7,931.42, and Kirkland testified that Pierce never disputed the balance owed. Pierce made purchases and sent

payments to Discover Bank subsequent to that 2005 account statement. The final account balance, prior to the write-off, was $11,757.16. Discover Bank thus provided evidence to support its initial account balance (as of 2005) of $7,931.42 and its final account balance of $11,757.16. The trial court's judgment was not against the manifest weight of the evidence.

## IV. Due Process

{¶ 28} Pierce next claims that Discover Bank's attorneys' actions violated his right to due process. He asserts that Discover Bank (1) failed to provide a signed contract and full payment history for the credit card account, (2) voluntarily dismissed its prior action in the Municipal Court of Montgomery County on the day of trial, (3) failed to appear for a pretrial conference, and (4) failed to provide Pierce with its trial exhibits within the trial court's deadline.

{¶ 29} First, we cannot find that Pierce's due process right was violated by Discover Bank's alleged failure to provide a signed contract and full payment history. Discover Bank did present a contract signed by James W. Pierce in 1987. Although the updated cardmember agreement was not signed, Discover Bank presented testimony indicating that the agreement was sent to Pierce at his home address. In addition, as stated above, Discover Bank presented evidence that Pierce was aware of the account statements and had made payments on the balance due. Discover Bank's anticipated trial exhibits, filed in December 2012, included monthly statements for each month between May 23, 2005 and January 17, 2010 (payment due dates), i.e., nearly five years of monthly statements. Pierce has not argued, much less demonstrated, how the outcome of his trial would have been different had additional documentation been provided.

**{¶ 30}** Second, Pierce alleges that Discover Bank improperly dismissed its prior action against him in the municipal court on the eve of trial. What occurred in a prior action in a different trial court is not properly before us.

**{¶ 31}** Third, Pierce claims that Discover Bank failed to appear for a pretrial conference. We find nothing in the record to support Pierce's allegations of wrongdoing. Based on the record before us, Pierce has not demonstrated that his right to due process was violated by Discover Bank's actions concerning pretrial conferences.

**{¶ 32}** Finally, Pierce claims that his right to due process was violated by Discover Bank's failure to provide trial exhibits by the court's November 15, 2012 deadline, which was established in the trial court's September 15, 2012 final pretrial order.

**{¶ 33}** On December 11, 2012, Pierce notified the court that Discover Bank had "defaulted" on its obligation to file trial materials. In his filing, Pierce "confirm[ed] notice of all the defendant's documents previously filed with and accepted by the court for use in the trial on behalf of the defendant, all of which was electronically certified by the court as submitted prior to the judge imposed deadlines * * *." Discover Bank responded that it had timely responded to Pierce's discovery requests and that it had identified its trial exhibits in its pretrial statement, which was filed on November 29, 2012, and amended pretrial statement. Discover Bank also moved to enlarge the time to submit trial materials, and it attached its trial exhibits to the motion. The bench trial ultimately occurred on January 10, 2013, several weeks after Discover Bank filed its trial exhibits. Given that Pierce had several weeks to review Discover Bank's exhibits prior to trial, we cannot conclude that his right to due process was violated.

## V. Judicial Bias

**{¶ 34}** Pierce further claims that the case must be dismissed, because the trial court was biased against him. He asserts that the trial court failed to conduct a fair and objective trial of the issues and that the court's written decision in favor of Discover Bank reflected judicial bias.

**{¶ 35}** "Judicial bias is 'a hostile feeling or spirit of ill will or undue friendship or favoritism toward one of the litigants or his attorney, with the formation of a fixed anticipatory judgment on the part of the judge, as contradistinguished from an open state of mind which will be governed by the law and the facts.' Trial judges are 'presumed not to be biased or prejudiced, and the party alleging bias or prejudice must set forth evidence to overcome the presumption of integrity.'" (Internal citations omitted.) *Weiner v. Kwait,* 2d Dist. Montgomery No. 19289, 2003-Ohio-3409, ¶ 89-90.

**{¶ 36}** We find nothing in the record to demonstrate that the trial court was biased against Pierce. The trial court often sustained plaintiff's counsel's objections to Pierce's questioning of its witness, Pierce's own statements, and to Pierce's attempts to submit certain documents as evidence. However, the trial court's rulings were based on the court's reasonable understanding of the rules of evidence and trial procedure, and the trial court's adverse rulings during trial are insufficient to demonstrate any personal animus against Pierce.

## VI. Fraudulent Misrepresentation

**{¶ 37}** Finally, Pierce claims that Discover Bank prosecuted its claim with "missing, false and manufactured documentation." He emphasizes that Discover Bank has

never validated the debt that he owes, and that it has repeatedly sought to settle the claim, which allegedly demonstrates its lack of a valid claim. Pierce further argues that Discover has no "discernible interest in this claim being made by a third party debt collector."

**{¶ 38}** Pierce did not raise the issue of fraudulent misrepresentation in the trial court, and we will not address it for the first time on appeal. To the extent that Pierce asserts that Discover Bank's evidence was insufficient to support its claim against him, we have rejected that argument, as discussed above.

## VII. Conclusion

**{¶ 39}** Pierce's assignments of error are overruled, and the trial court's judgment will be affirmed.

. . . . . . . . . .

FAIN, J. and DONOVAN, J., concur.

Copies mailed to:

Matthew G. Burg
James W. Pierce
Hon. Barbara P. Gorman