[Cite as *Percio v. Smith*, 2014-Ohio-1266.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## CLARK COUNTY

VALERIE PERCIO, et al.

      Plaintiff-Appellant

v.

DAVID C. SMITH, et al.

      Defendant-Appellee

Appellate Case No.    2013-CA-56

Trial Court Case No.   2012-CV-491

(Civil Appeal from
 Common Pleas Court)

. . . . . . . . . . .

## O P I N I O N

Rendered on the 28th day of March, 2014.

. . . . . . . . . . .

ELEANOR HAYNES, Atty. Reg. No. 0006936, BRYAN O. STEWARD, Atty. Reg. No. 0082014, 399 East Main Street, Suite 200, Columbus, Ohio 43215
      Attorneys for Plaintiff-Appellant

MICHAEL T. EDWARDS, Atty. Reg. No. 0082050, 41 East Main Street, Enon, Ohio 45323, MARK J. BAMBERGER, Atty. Reg. No. 0082053, 8 South Third Street, Tipp City, Ohio 45371
      Attorneys for Defendant-Appellee

. . . . . . . . . . . .

WELBAUM, J.

    **{¶ 1}**   Plaintiff-appellants, Valerie Percio and Joan Grieco, appeal from the decision of

the Clark County Court of Common Pleas awarding judgment in favor of defendant-appellees, David C. Smith and Dennis Haney, in their civil lawsuit alleging breach of contract, specific performance, and fraud. For the reasons outlined below, we reverse the judgment of the trial court and remand for further proceedings.

**Facts and Course of Proceedings**

{¶ 2} On May 15, 2012, appellants, Valerie Percio and Joan Grieco, filed a civil lawsuit against appellees, David C. Smith and Dennis "Joe" Haney, for breach of contract, specific performance, and fraud. The lawsuit was based on the alleged sale of real property located at 12811 East National Road in South Vienna, Clark County, Ohio ("the Property"). The Property is a large Victorian-style home that was in need of various repairs. In the summer of 2007, Percio and Grieco, who enjoy restoring old houses, became interested in purchasing the Property from Smith, the owner. Haney, who is Smith's caretaker and friend and who lives with Smith intermittently, had no ownership interest in the Property at that time.

{¶ 3} On July 12, 2007, Percio, Grieco, and Smith all signed a Real Estate Purchase Contract for the sale of the Property. The agreed upon purchase price for the Property was $150,000. There was no appraisal, title search, or inspection conducted on the Property. The terms of the contract stated that Percio and Grieco were required to obtain a conventional loan and close on the Property before July 25, 2007. An extension of this deadline required a written request. Percio and Grieco, however, did not obtain a conventional loan or close on the Property by the deadline, nor did they make a written request for an extension of time to perform.

{¶ 4} On August 28, 2007, approximately one month after the closing deadline had

passed, Percio paid Haney $149,500 by personal check. Percio obtained the funds provided to Haney by taking a second mortgage on her home. Approximately a week after receiving the $149,500, Haney purchased the Property from Smith for $110,000, and had it transferred into his name by general warranty deed. Three years after purchasing the property, Haney conveyed the Property back to Smith in exchange for $80,000 worth of antiques that were later sold at an auction. At no time was the Property ever conveyed to or in the possession of Percio or Grieco. Believing that they had purchased the Property, Percio and Grieco filed the lawsuit herein, which proceeded to a bench trial.

{¶ 5}   At trial, both Percio and Grieco testified that the $149,500 was paid to purchase the Property. In support of this claim, Percio testified that Smith had orally waived the contract deadline during a telephone conversation and that they renegotiated the purchase price from $150,000 to $149,500. Both Percio and Grieco testified that Smith had instructed them to make the check payable to Haney. Percio and Grieco also testified that they were under the impression that Haney was a co-owner of the Property, despite the fact that he was not a party to Real Estate Purchase Contract.

{¶ 6}   In addition, Percio testified that after the alleged sale, she and Grieco did not seek immediate possession of the Property because they had agreed to let Smith and Haney live on the Property while Smith and Haney searched for a new home. In exchange, Percio claimed that Smith and Haney agreed to pay her $1,100 per month in rent, which was the amount of her second mortgage payment. Percio and Grieco accepted these rental payments for approximately five years, albeit at a reduced rate between $100 and $300 during 2011 and 2012. It is undisputed that Percio and Grieco took no legal action to eject Smith and Haney from the

Property.  Nevertheless, Percio claimed that she attempted to contact Smith about possession of the Property multiple times and also tried to get Smith to sign a promissory note for the Property.  According to Percio, Smith would not sign the promissory note because the Property was in Haney's name at the time.

{¶ 7}    Haney and Smith, on the other hand, testified that the $149,500 was not for the sale of the Property.  Rather, Haney testified that he and Grieco had agreed to start a bed and breakfast business together at the Property, and that the money given to Haney was a loan for starting the business.  According to Haney, he and Grieco agreed that he would use Percio's money to purchase the Property from Smith, and any remaining money would be used to get a bank loan for additional capital to help start the business.  Haney claims the plan was to pay Percio back and split the profits with her and Grieco.  This testimony was corroborated by Smith, who testified that he was aware of Haney and Grieco's business venture, but that he had no part in it.

{¶ 8}    There was no dispute that Haney made various payments to Percio and Grieco between October 2007 and May 2012.  Nor was there any dispute that Percio and Grieco accepted these payments.  The actual amount of money Haney repaid, however, was in dispute. According to Percio, who testified that she kept a log of Haney's payments, Haney has paid only $45,950 of the $149,500.  Conversely, Grieco testified that Haney has repaid approximately $57,000, whereas Haney himself testified that he has repaid at least $83,000.  The majority of Haney's payments were made in cash, and the only documentation of Haney's payments includes $1,950 worth of personal checks written by Haney to Percio, as well as bank statements from 2009 and 2010 showing withdrawals from Haney's bank account in the amounts of $2,000,

$10,000, $7,000, $5,251.64, and two withdrawals for $8,000. Other than Haney's testimony, the record is devoid of evidence indicating that these withdrawals were actually used to pay Percio.

{¶ 9} After both parties rested, the trial court concluded that Percio and Grieco failed to sufficiently prove that Percio's $149,500 payment was consideration for the Property. The court further found that Percio and Grieco could not rely on the Real Estate Purchase Contract signed by the parties because it was void and unenforceable due to their failure to perform on the contract within the stated deadline, as well as their failure to request an extension in writing. In addition, the trial court found that Percio and Grieco's inaction with respect to the possession of the Property and their failure to demand a transfer of the deed was inconsistent with the typical behavior of one purchasing real estate. Instead, the court determined that the situation was more akin to the establishment of a creditor-debtor relationship, wherein the parties may have entered into an unsecured loan. The trial court, however, declined to determine the remaining balance owed and simply ruled in favor of Smith and Haney.

{¶ 10} Percio and Grieco now appeal the judgment of the trial court ruling in favor of Smith and Haney on all claims, raising two assignments of error.

**Assignment of Error No. 1**

{¶ 11} Percio and Grieco's First Assignment of Error is as follows:

THE TRIAL COURT ERRED IN FINDING THAT APPELLANTS FAILED TO

PROVE THE EXISTENCE OF A WRITTEN CONTRACT.

{¶ 12} Under this assignment of error, Percio and Grieco argue that the trial court erred in failing to find an enforceable contract. In support of this claim, they do not argue that there is

an enforceable contract for the purchase of the Property, but instead contend that the evidence adduced at trial establishes the existence of an implied contract for repayment of the $149,500 as an unsecured loan. According to Percio and Grieco, the trial court should have enforced the loan instead of rendering a judgment in favor of Smith and Haney.

{¶ 13} Although not explicitly stated in their appellate brief, we construe Percio and Grieco's assignment of error as alleging that the trial court's decision granting judgment in favor of Haney and Smith was against the manifest weight of the evidence.

{¶ 14} "An appellate court applies the same manifest-weight-of-the-evidence standard in criminal and civil cases." *Discover Bank v. Pierce*, 2d Dist. Montgomery No. 25755, 2014-Ohio-625, ¶ 14, citing *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 17. Thus, in civil cases, "[w]hen a [judgment] is challenged on appeal as being against the weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider witness credibility, and determine whether, in resolving conflicts in the evidence, the trier of fact 'clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered.' " *State v. Hill*, 2d Dist. Montgomery No. 25172, 2013-Ohio-717, ¶ 8, quoting *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997); *Folck v. Redman*, 2d Dist. Clark No. 2013-CA-35, 2013-Ohio-3646, ¶ 8. "A judgment should be reversed as being against the manifest weight of the evidence 'only in the exceptional case in which the evidence weighs heavily against the [judgment].' " *Id.*, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

{¶ 15} "[T]here are three categories of contracts: express, implied in fact, and implied in

law." *Stepp v. Freeman*, 119 Ohio App.3d 68, 73, 694 N.E.2d 510 (2d Dist.1997), citing *Legros v. Tarr*, 44 Ohio St.3d 1, 6, 540 N.E.2d 257 (1989). "A contract implied-in-fact is a contract inferred from the surrounding circumstances, including the conduct and statements of the parties, which lead to a reasonable assumption that a contract exists between the parties by tacit understanding." *Wilson v. Street*, 2d Dist. Montgomery No. 22768, 2009-Ohio-2328, ¶ 11, citing *Legros* at 6. (Other citations omitted.) In other words, "the parties' assent or 'meeting of the minds' is inferred from the surrounding circumstances * * *." (Citation omitted.) *Rumpke v. Acme Sheet & Roofing, Inc*., 2d Dist. Montgomery No. 17654, 1999 WL 1034455, *10 (Nov. 12, 1999). "To establish a contract implied in fact a plaintiff must demonstrate that the circumstances surrounding the parties' transaction make it reasonably certain that an agreement was intended." *Stepp* at 74, citing *Lucas v. Costantini*, 13 Ohio App.3d 367, 368, 469 N.E.2d 927 (12th Dist.1983).

{¶ 16} On the other hand, " '[i]n contracts implied in law there is no meeting of the minds, but civil liability arises out of the obligation cast by law upon a person in receipt of benefits which he is not justly entitled to retain and for which he may be made to respond to another in an action in the nature of assumpsit.' " (Citation omitted.) *Legros* at 7, quoting *Hummel v. Hummel*, 133 Ohio St. 520, 525, 14 N.E.2d 923 (1938). A "contract implied in law is not really a contract at all, but is an 'obligation that is created by the law without regard to expressions of assent by either words or acts,' * * * and is imposed to prevent a party from retaining money or benefits which in justice and equity belong to another." (Citations omitted.) *Id.* at 7-8.

{¶ 17} In this case, it is clear that the parties did not have a meeting of the minds with

respect to the purpose of the $149,500 transaction. Nevertheless, Percio and Grieco argue that their conduct of giving Haney $149,500 and thereafter consistently accepting monthly payments from him evidences, at the very least, a meeting of the minds for the formation of a debtor-creditor relationship, or more specifically, an unsecured loan. We agree.

{¶ 18} "[I]n order to constitute a loan, there must be an agreement, either expressed or implied, whereby one person advances money to the other and the other agrees to repay it upon such terms as the parties agree." *Kister v. Bratcher*, 9th Dist. Wayne No. 2184, 1986 WL 14314, *1 (Dec. 10, 1986), citing *Nat'l Bank of Paulding v. Fidelity and Cas. Co.*, 131 F.Supp. 121, 123 (S.D.Ohio 1954). "The party claiming the loan has the burden of establishing the loan by a preponderance of the evidence." *Id.*, citing *Hanzel v. Searl*, 8 Ohio Law Abs. 53 (4th Dist.1929).

{¶ 19} Here, there is no dispute that Percio paid Haney $149,500 through a personal check. Although the trial court found that this cannot be considered payment for the purchase of the Property, the record certainly supports a finding that it was an unsecured loan. Percio and Grieco argue this fact in their appellate brief and Haney testified at trial that he had agreed to repay the money. Trans. Vol. II (May 21, 2013), p. 387. There is also no dispute that shortly after the transaction, Percio and Haney began acting as a lender and borrower, as Haney began making monthly payments to Percio against the $149,500 and continued to do so for almost five years. The lender-borrower relationship is further supported by an April 28, 2011 letter to Percio and Grieco from Smith, which states, in pertinent part:

> [Haney] isn't living with me anymore. He is in Arizona. [Haney] has had some
>
> bad luck but wants to pay you back, so he is sending you some money $200.

Will [sic] paying you every month until he gets on his feet hoping to pay everything in the near future.

{¶ 20}  We are mindful that, in a bench trial, "the trial judge is best able to view the witnesses and to observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony."  *Seasons Coal Co., Inc. v. City of Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984).  However, based on the parties' statements and conduct following the transaction in this case, we find that there was a meeting of the minds for Haney to repay the $149,500 advanced by Percio.  Therefore, based on the facts and circumstances of this case, we find that the trial court's decision not to enforce this agreement was in error and is against the manifest weight of the evidence.  Accordingly, we conclude that Percio and Grieco have established that there was a contract implied-in-fact for an unsecured loan, thereby entitling them to recovery.

{¶ 21}  Furthermore, even if there had been no meeting of the minds with the respect to the formation of a loan, and thus no implied-in-fact contract, we find that Percio and Grieco have alternatively established that they are entitled to obtain a remedy based on a contract implied in law.  This is because Percio conferred a monetary benefit upon Haney with his knowledge, which he has unjustly retained without repayment.  *See Wilkin v. Fyffe*, 2d Dist. Greene No. 96-CA-03, 1996 WL 517272, *3 (Sept. 13, 1996), quoting *Hambleton v. R.G. Barry Corp.*, 12 Ohio St.3d 179, 183, 465 N.E.2d 1298 (1984) (recognizing that an implied-in-law contract can be found when there is " '(1) a benefit conferred by a plaintiff upon a defendant; (2) knowledge by the defendant of the benefit; and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment * * *' ").  Therefore, regardless of whether

this matter involves an implied-in-fact contract or an implied-in-law contract, a contract between the parties exists that should have been enforced by the trial court.

{¶ 22}  Percio and Grieco's First Assignment of Error is sustained.

**Assignment of Error No. 2**

{¶ 23}  Percio and Grieco's Second Assignment of Error is as follows:

THE TRIAL COURT, BY FAILING TO ORDER THAT APPELLEES REPAY APPELLANTS THE BALANCE OF THE LOAN, UNJUSTLY ENRICHED APPELLEES AND LEFT APPELLANTS WITH NO REMEDY AT LAW.

{¶ 24}  Under this assignment of error, Percio and Grieco claim that the trial court erred in failing to enter a judgment against Smith and Haney for some portion of the $149,500 that remained unpaid and that such decision was inequitable, left no remedy at law, and unjustly enriched them.

{¶ 25}  Given that we have determined that there is an implied-in-fact contract for repayment of the $149,500 loan, Percio and Grieco's reliance on unjust enrichment in this assignment of error is misplaced.  *See Caras v. Green & Green*, 2d Dist. Montgomery No. 14943, 1996 WL 407861, *4 (June 28, 1996) (" 'It is clearly the law in Ohio that an equitable action in quasi-contract for unjust enrichment will not lie when the subject matter of that claim is covered by * * * a contract implied in fact.' "), quoting *Ryan v. Rival Mfg. Co.*, 1st Dist. Hamilton No. C-810032, 1981 WL 10160, *1 (Dec. 16, 1981). Nevertheless, we agree that the trial court erred in failing to make a finding as to the portion of the loan that remains unpaid, since Haney breached the implied agreement to repay the $149,500.

{¶ 26} "Ohio courts have found that, once a right to damages has been established, that right cannot be denied because damages are incapable of being calculated with mathematical certainty." *Hoch v. Chapman*, 5th Dist. Fairfield No. 2003CA00100, 2005-Ohio-76, ¶ 12, citing *Pennant Moldings*, *Inc. v. C & J Trucking Co.*, 11 Ohio App.3d 248, 464 N.E.2d 175 (12th Dist.1983). Moreover, "[a]s the primary fact finder, the trial court was entitled to evaluate the credibility of the witnesses and weigh the evidence presented. A reviewing court will not disturb a trial court's assessment of damages without an affirmative finding of passion and prejudice or a finding that the award is manifestly excessive or inadequate." *Id*. at 13, citing *Moskovitz v. Mt. Sinai Med. Ctr*., 69 Ohio St.3d 638, 655, 635 N.E.2d 331 (1994).

{¶ 27} At trial, Percio testified that, according to her records, Haney has repaid $45,950 of the $149,500. Grieco, on the other hand, testified that Haney has repaid approximately $57,000, whereas Haney testified that he has paid at least $83,000. Unfortunately, because a majority of the payments were made in cash there is little evidence of Haney's payments other than the parties' testimony. Because we find a contract implied in fact for repayment of the $149,500 loan, we agree that a judgment should have been entered against Haney for some portion of the $149,500. This matter must be reversed and remanded for the trial court to determine what portion of the loan remains unpaid.

{¶ 28} Percio and Grieco's Second Assignment of Error is sustained.

**Conclusion**

{¶ 29} Having sustained both Percio and Grieco's assignments of error, the judgment of the trial court is reversed and remanded for further proceedings. On remand, the trial court shall

make a finding as to the amount remaining on the $149,500 loan that is due and payable to Percio

and Grieco for purposes of being reduced to judgment.

. . . . . . . . . . . . .

FROELICH, P.J. and HALL, J., concur.

Copies mailed to:

Eleanor Haynes
Bryan O. Steward
Michael T. Edwards
Mark J. Bamberger
Hon. Douglas M. Rastatter